**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| M&B IP ANALYSTS, LLC, | : | Civil Action No.  2:19-cv-00429 |
| Plaintiff, | : | Hon. Steven C. Manion |
| v. | : | JOINT DISCOVERY PLAN |
| CORTICA-US, INC., and CORTICA, LTD., | : | |
| Defendants. | : | |

1.      Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

**M&B IP Analysts, LLC is a New Jersey patent agent. Starting in 2014, Cortica LTD., through its U.S. subsidiary Coritca-US, Inc., engaged M&B to serve as its patent agent. Cortica communicated directly with M&B regarding patent matters. M&B invoiced Cortica for its services and Cortica paid those invoices directly to M&B. From June 2017 through June 2018, M&B continued to provide patent agent services for Cortica at its direction, accruing $210,500.00 in fees and paying $64,643.00 in direct disbursements to the USPTO. Despite invoicing Cortica and Cortica's promises to pay the $275,143.00 balance, Cortica owes M&B $275,143.00.**

**Defendant Cortica US, Inc. is a U.S. subsidiary of an Israeli entity, Defendant Cortica, LTD. Neither of the defendants had nor do they have any contractual relationship with the plaintiff.  The plaintiff was apparently contracted by a third party Cortica LTD hired in Israel and there is active litigation arising out of that relationship. Accordingly, Cortica LTD did not conduct business in this forum with the plaintiff.  Cortica-US, Inc., as the complaint admits, is not a patent-holder and therefore did not contract with the plaintiff and did not benefit from any services provided by the plaintiff.  In addition, the services provided were not authorized and are in dispute.**

2.      Have settlement discussions taken place?  Yes_____  No __**X**__   If so, when?

        (a)      What was plaintiff's last demand?

                (1)      Monetary demand: **$275,143.00**
                (2)      Non-monetary demand: **n/a**
        (b)      What was defendant's last offer? **None**

                (1)      Monetary offer: $_____
                (2)      Non-monetary offer:_____

3.      The parties [have_____-have not **X** ] exchanged the information required by 26(a)(1). If not, state the reason therefor.

**Cortica-US, Inc. joined issue on 4/24/19. Cortica, LTD.'s time to answer has not yet expired. Defendants' contend the commencement of discovery is premature until all parties have joined, especially since jurisdiction over Cortica, LTD is at issue, and any preliminary motions are decided.**

4.      Describe any discovery conducted other than the above disclosures.

**No discovery has commenced.**

5.      Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

**Cortica, LTD is investigating whether it is contesting jurisdiction.  Cortica-US, Inc. may file a motion for judgment on the pleadings since it was not the patent-holder.**

6.      The parties proposed the following:

(a)      Discovery is needed on the following subjects:  **All subjects referenced in the complaint, including, jurisdiction, liability, damages, mitigation.**

**(b)**      Should discovery be conducted in phases? If so, explain.  **Jurisdictional discovery, if any, should proceed first.**

(c)      Number of Interrogatories by each party to each other party: **25**

(d)      Number of Depositions to be taken by each party:  **10**

(e)      Plaintiff's expert report due on **30 days following the close of fact discovery.**

(f)      Defendant's expert report due on **30 days after the service of Plaintiff's report or 60 days after the close of fact discovery, whichever is later.**

(g)      Motions to Amend or to Add Parties to be filed by **90 days after the matter is joined by all currently named parties.**

(h)      Dispositive motions to be served w**ithin 60 days of completion of discovery**.

(i)      Factual discovery to be completed by  **Twelve months after all parties are joined and motions to dismiss, if any, are decided.**

(j)      Expert discovery to be completed by **120 days following the close of fact discovery.**

(k)      Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

(l)     A pretrial conference may take place on _____.

(m)     Trial by jury or non-jury Trial? **Both parties request a trial by jury.**

(n)     Trial date: _____.

7.     Do you anticipate any discovery problem(s)? Yes _____No __**X**____ If so, explain.

8.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes ____**X**____ No _____ If so, explain.

**Witnesses in Israel should be taken by telephone deposition or video conference.**

9.     State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

**Plaintiff is willing to engage in mediation after some discovery has been exchanged.**

**Defendants do not believe this is helpful given the substantive defenses.**

10.     Is this case appropriate for bifurcation? Yes _____ No __**X**____

11.     We [do _____ -do not __**X**__] consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.

/s Megan J. Muoio _____
Attorney(s) for Plaintiff(s)

s/Adam E Gersh _____
Attorney(s) for Defendant(s)