## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| M&B IP ANALYSTS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 2:19-cv-00429 |
| | : | |
| CORTICA-US, INC., and CORTICA, LTD., | : | |
| | : | |
| Defendants. | : | |
| | : | |

_____

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

_____

On the brief:
Adam E. Gersh, Esquire

Dated: June 3, 2019

# <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES ....................................................................... iii

PRELIMINARY STATEMENT ................................................................... 1

FACTUAL BACKGROUND ....................................................................... 4

ARGUMENT ............................................................................................... 7

I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ....................................... 7

   A.  Standard of Review ........................................................................ 7

   B.  General Jurisdiction Does Not Exist Over Cortica, LTD ............... 9

   C.  Specific Jurisdiction Does Not Exist Over Cortica, LTD ............. 12

II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ACCORDANCE WITH THE DOCTRINE OF FORUM NON CONVENIENS .............................................................................. 17

   A.  Standard of Review ...................................................................... 17

   B.  Plaintiff's Claims Should be Dismissed for Forum Non Conveniens .......... 20

III.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN AN INDISPENSABLE PARTY UNDER FED. R. CIV. P. 12(b)(7) ............................................................................ 22

CONCLUSION ........................................................................................... 27

ii

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

Bristol-Myers Squibb Co. v. Superior Court of California, San Fran.
   County,
   137 S. Ct. 1773 (2017) ....................................................................15

Charles Gendler & Co., Inc. v. Telecom Equip. Corp.,
   102 N.J. 460 (1986) ........................................................................7

Daimler AG v. Bauman,
   571 U.S. 117 (2014) ..............................................................passim

Eurofins Pharma US Holdings v. BioAlliance Pharma SA,
   623 F.3d 147 (3d Cir. 2010) ..........................................................18

Fiscus v. Combus Finance AG,
   2007 WL 4164388 (D.N.J. Nov. 20, 2007) ..................................23

General Electric Co. v. Deutz AG,
   270 F.3d 144 (3d Cir. 2001) ..........................................................14

Goodyear Dunlop Tires Operations, S.A. v. Brown,
   564 U.S. 915 (2011) ........................................................................9

Gulf Oil Corp. v. Gilbert,
   330 U.S. 501 (1947) ......................................................................18

HB Gen. Corp. v. Manchester Partners,
   95 F.3d 1185 (3d Cir. 1996) ..........................................................23

Helicopteros Nacionales de Colombia, S.A. v. Hall,
   466 U.S. 408 (1984) ........................................................................8

Int'l Shoe Co. v. Washington Office of Unemployment Comp. &
   Placement,
   326 U.S. 310 (1945) ........................................................................8

J. McIntyre Mach., Ltd. v. Nicastro,
   564 U.S. 873 (2011) ................................................................12, 13

Kisano Trade & Invest Ltd. v. Lemster,
    737 F.3d 869 (3d Cir. 2013) ...............................................................20

Koster v. (Am.) Lumbermens Mut. Cas. Co.,
    330 U.S. 518 (1947)............................................................................19

Lony v. E.I. Du Pont de Nemours & Co.,
    935 F.2d 604 (3d Cir. 1991) ...............................................................19

Marten v. Godwin,
    499 F.3d 290 (3d Cir. 2007) .....................................................8, 9, 12

Miller v. Bos. Sci. Corp.,
    380 F. Supp. 2d 443 (D.N.J. 2005).....................................21, 22, 26

National Patent Development Corp. v. T.J. Smith & Nephew, Ltd.,
    877 F.2d at 1010 (D.D.C. Cir. 1989) ...................................................9

New Earthshell Corp. v. Lycos Internet Ltd.,
    No. 14-CV-7665, 2015 WL 4716155 (D.N.J. Aug. 7, 2015) ...........11

O'Connor v. Sandy Lane Hotel Co.,
    496 F.3d 312 (3d Cir. 2007) ...............................................................14

Path to Riches, LLC v. Cardiolync, Inc.,
    290 F.Supp.3d 280, 285 (D. Del. 2018)..................................18, 19, 20

Piper Aircraft Co. v. Reyno,
    454 U.S. 235 (1981)............................................................................19

Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n,
    819 F.2d 434 (3d Cir. 1987) .................................................................7

Provident Tradesment Bank & Trust Co. v. Patterson,
    390 U.S. 102 (1968)............................................................................26

Remick v. Manfredy,
    238 F.3d 248 (3d Cir. 2001) ...............................................................14

Rosenzweig v. Brunswick Corp.,
    2008 WL 3895485 (D.N.J. Aug. 20, 2008) .............................23, 25, 26

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007)................................................................17, 18

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*,
    5 F.3d 28 (3d Cir. 1993) ...................................................................7

*Telcordia Tech, Inc. v. Telkoon SA Ltd.*,
    458 F.3d 172 (3d Cir. 2006) ...........................................................14

*Van Cauwenberghe v. Biard*,
    486 U.S. 517 (1988)........................................................................19

*Windt v. Qwest Commc'ns Int'l, Inc.*,
    529 F.3d 183 (3d Cir. 2008) ...........................................................19

## RULES

Fed. R. Civ. P. 4(e)..............................................................................7

Fed R. Civ. P. 12 .................................................................................4

Fed. R. Civ. P. 12(a)(1)(A) ................................................................23

Fed. R. Civ. P. 12(a)(2) ......................................................................24

Fed. R. Civ. P. 12(b) ..........................................................................24

Fed. R. Civ. P. 12(b)(7).................................................................3, 22

Fed R. Civ P. 19(a)(2)(i) ....................................................................24

Fed R. Civ. P. 19(b) ...........................................................................25

N.J. Ct. R. 4:4-4(b)(1) ..........................................................................7

## <u>PRELIMINARY STATEMENT</u>

The complaint of Plaintiff M&B IP Analysts, LLC ("M&B" or "Plaintiff") against Defendant Cortica, LTD does not belong before this Court, primarily, because Cortica, LTD, an Israel-based business, had no direct business dealings with M&B, either in this forum or in any other United States forum.  As set forth more fully herein, this means this case should be dismissed because (i) the Court has no personal jurisdiction over Cortica, LTD; (ii) the doctrine of forum non conveniens precludes proceeding in this form, and (iii) M&B's failure to join an indispensable party who did have the direct dealings with M&B that are at issue is fatal to its claim.

By way of background, M&B's complaint incompletely frames this as a simple collection claim, obscuring the tangential nature of its indirect relationship with Cortica and the complex relationship and obligations that are currently the subject of litigation in Israel, in which M&B was added as a defendant in Cortica, LTD's complaint.  As set forth at length herein, M&B was engaged by an Israeli company, non-party eNitiatives IP Ltd. ("eNitiatives"), and not by Cortica, LTD. While Cortica, LTD had a business relationship with eNitiatives, a fellow Israel-based company, which is currently the subject of the litigation in Israel, it did not have any direct relationship with M&B and is not otherwise subject to jurisdiction before this Court.  Rather, M&B's complaint unfairly attempts to collect against

Cortica, LTD in this District even though Cortica, LTD and M&B did not form a relationship here or, directly, anywhere.  In other words, M&B is using this forum as a shortcut to collect from Cortica, LTD rather than face the claims Cortica, LTD is asserting against eNitiatives and M&B in Israel. For that purpose, M&B has also artificially included Cortica, LTD's wholly-owned subsidiary, Cortica-US, Inc., a U.S. company, in its complaint, only to create the mistaken impression that Cortica, LTD should litigate before this Court.

Under well-established precedent, there is no personal jurisdiction over Cortica, LTD in this forum when M&B and Cortica, LTD had no direct relationship, this is not Cortica, LTD's home forum, and Cortica, LTD did not otherwise avail itself of this forum.  In this regard, M&B would not have bothered to artificially include Cortica-US, Inc., which never received any type of services from eNitiatives or M&B, if M&B truly believed that this forum is the right forum with respect to Cortica, LTD.  This action is only connected to Cortica, LTD through its relationship with eNitiatives in Israel and that is not sufficient to confer jurisdiction over Cortica, LTD based on eNitiatives relationship with M&B.

Separately, and moreover, even if this Court had jurisdiction over Cortica, LTD to hear this matter, M&B's complaint against both Cortica, LTD and Cortica-US, Inc. ("Cortica-US, Inc." and, together with Cortica, LTD, "Cortica") should still be dismissed based on the doctrine of forum non conveniens so that it may be

heard in Israel along with the ongoing litigation between Cortica, LTD and eNitiatives which involve, among other things, disputes over billings by eNitiatives and M&B for the services provided and which are inextricably intertwined with the claims asserted in this action.

Moreover, as a consequence of M&B's filing this case in a forum without jurisdiction and that is not convenient, its case should also be dismissed for failing to name an indispensable party. As set forth more fully herein, even though M&B, as the contractor of eNitiatives, was named as a party in Cortica, LTD's Israel complaint due to the negligent services provided to Cortica, LTD, M&B filed this action in an attempt to bypass the Israeli litigation that concerns the very same services and billing provided to Cortica, LTD pursuant to its agreement with eNitiatives.   Any litigation concerning these transactions should include eNitiatives, which was the one who engaged M&B.  Therefore, M&B should not be permitted to force Cortica, LTD (and eNitiatives) to litigate this matter in two forums, especially when Cortica, LTD has no relevant contacts or relation with M&B or the subject of tis complaint in this forum.  For this reason, eNitiatives is an indispensable party to this litigation, warranting dismissal thereof under Fed. R. Civ. P. 12(b)(7).

For these reasons, as set forth more fully below, M&B's claims against Cortica should be dismissed with prejudice.

## FACTUAL BACKGROUND

As required by Fed R. Civ. P. 12, Cortica accepts as pled the facts set forth in Plaintiff's complaint for purposes of this motion only.[1]  Pursuant to Fed. R. Civ. P. 12, these facts, although disputed, shall be accepted as pled for the purposes of this motion only.

Importantly, M&B acknowledges in its complaint that (i) it filed patents with the United States Patent and Trademark Office ("USPTO") and (ii) all patents and patent applications are owned by Cortica LTD, and not its U.S. subsidiary Cortica-US, Inc.  See Complaint at ¶¶ 13-14, Docket Entry No. 1.

Accordingly, M&B's complaint acknowledges that any benefits M&B may have conferred, via contract or quasi-contract, were conferred on Cortica, LTD and not its domestic subsidiary, Cortica-US Inc.   These facts only reassert the conclusion that Cortica-US, Inc. was inappropriately added to the Complaint.

While M&B glosses over the fact that it was directly engaged by eNitiatives and not by Cortica, LTD in its complaint, those facts are set forth in the attached certification from one of Cortica's founders, shareholders and its Chief Operations Officer and Chief Intellectual Property Officer, Mrs. Karina Odinaev (hereinafter "Odinaev Cert."), including that:

- Cortica, LTD is the owner of all patents (Odinaev Cert. at ¶ 7);

---

[1]  Cortica disputes and denies many of the allegations contained in the complaint and specifically denies that they engaged in any of the wrongful conduct alleged.

4

- Cortica, LTD has no active business or agreements that apply U.S. law or otherwise agree to submit to jurisdiction in the U.S. (Odinaev Cert. at ¶ 3);

- Cortica, LTD does not solicit, create, nurture or maintain any continuing business relationship with anyone in New Jersey(Odinaev Cert. at ¶ 4);

- Cortica, LTD is an Israeli company with no connection to New Jersey and no connection relating to M&B with the United States (Odinaev Cert. at ¶ 5);

- Cortica, LTD's wholly-owned subsidiary, Cortica-US, Inc., solely provides services to Cortica, LTD, such that all investments and client services are provided through Cortica, LTD (Odinaev Cert. at ¶ 6);

- Cortica, LTD, and obviously Cortica-US, Inc, have never engaged M&B directly (Odinaev Cert. at ¶ 8);

- Cortica, LTD engaged eNitiatives (Odinaev Cert. at ¶ 9);

- Since 2011 and until January 1, 2016, eNitiatives worked as a department in an Israeli law firm named Heskia Hakmon ("HH") (Odinaev Cert. at ¶ 11);

- HH originally used U.S. law firm Myers Wolin, LLC ("MW") for work eNitiatives was engaged to perform for Cortica, LTD with much of the

work being done by Mr. Michael Ben-Shimon (who went on to be a founder of M&B according to M&B's complaint) (Odinaev Cert. at ¶¶ 10, 13);

- In or about June 2014, M&B sent a invoices directly to Cortica, LTD (Odinaev Cert. at ¶ 14);

- Cortica, LTD had no knowledge of M&B and asked eNitiatives why M&B was sending invoices (Odinaev Cert. at ¶ 15);

- In response, eNitiatives advised Cortica, LTD, "M&B IP Analysts is a new company that Michael established who replaces Myers Wolin" (Odinaev Cert. at ¶ 16);

- Cortica, LTD was given no say in the contractors eNitiatives engaged (such as M&B), did not give its consent to the transition to M&B, did not directly engage in any contract with M&B, and did not agree to any contractual relationship with M&B or otherwise manage or supervise M&B's work (Odinaev Cert. at ¶ 17);

- All agreements with eNitiatives/HH exclusively authorize the courts of Tel Aviv to handle any dispute (Odinaev Cert. at ¶ 18);

- Cortica, LTD and eNitiatives are actively litigating in the courts of Tel Aviv to resolve their dispute over the services provided under Israeli law,

including the services provided by M&B through eNitiatives; (Odinaev Cert. at ¶ 19 and Ex A thereto[2]); and

- M&B is included as a defendant in the counter-complaint filed by Cortica, LTD in Tel Aviv (Odinaev Cert. at ¶ 20).

## **ARGUMENT**

## I.   **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

### A.   **Standard of Review**

Federal courts may only exercise personal jurisdiction over non-resident defendants as authorized by the laws of the state where the court resides.  Fed. R. Civ. P. 4(e); Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 31 (3d Cir. 1993); Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987).

New Jersey permits the exercise of jurisdiction to the fullest extent allowed under the Fourteenth Amendment of the United States Constitution. See N.J. Ct. R. 4:4-4(b)(1) (permitting the exercise of jurisdiction "consistent with due process of law"); Charles Gendler & Co., Inc. v. Telecom Equip. Corp., 102 N.J. 460, 469 (1986).  Accordingly, the Court's analysis must focus on whether the exercise of jurisdiction over Defendants comports with the requirements of the Due Process

---

[2] The complaint includes over 300 pages of exhibits which were omitted from the Odinaev Certification, but are available to the Court upon request.

Clause. See Int'l Shoe Co. v. Washington Office of Unemployment Comp. & Placement, 326 U.S. 310, 326 (1945).

"Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting International Shoe Co., 326 U.S. at 316). There are two general types of personal jurisdiction that reflect the requirements of the Due Process Clause of the Fourteenth Amendment-general jurisdiction and specific jurisdiction.  Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007).

General jurisdiction is proper over nonresident corporations when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." Daimler AG v. Bauman, 571 U.S. 117, 126 (2014).

Specific jurisdiction, on the other hand, describes the authority to exercise jurisdiction over suits that "aris[e] out of or relate[ ] to the defendant's contacts with the forum." Id. (quoting Helicopteros, 466 U.S. at 414). Specific jurisdiction requires that the defendant has "purposely directed [its] activities at the forum," that plaintiff's claim "arise out of or relate to at least one of those specific

activities," and that jurisdiction "otherwise comports with fair play and substantial justice." <u>Marten</u>, 499 F.3d at 296 (internal citations omitted).

## B.    General Jurisdiction Does Not Exist Over Cortica, LTD

For this Court to have general jurisdiction over Cortica, LTD, as set forth above, M&B would need to show evidence of continuous and systematic contacts between Cortica, LTD and this forum.  M&B cannot even come close to making this showing as M&B's complaint acknowledges Cortica, LTD is based in Israel and does not have any allegations that Cortica, LTD has any continuous or systematic business in this forum.[3]

In <u>Daimler</u>, the U.S. Supreme Court held that the proper forum for the exercise of general jurisdiction over a corporation is "'one in which the corporation is fairly regarded at home'—typically, 'the place of incorporation and principal place of business.'" <u>Daimler</u>, 571 U.S. at 126 (<u>quoting</u> <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915, 924 (2011)).  A corporation is not at home in every state where it "engages in a substantial, continuous, and systematic course of business," <u>Id</u>.  "Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." <u>Id</u>.

---

[3] While Cortica, LTD holds U.S. patents, the courts are clear that a foreign company is subject to personal jurisdiction by virtue of its patent ownership only in disputes over patent ownership and not as a matter of general personal jurisdiction. <u>See</u> <u>National Patent Development Corp. v. T.J. Smith & Nephew, Ltd.</u>, 877 F.2d at 1010 (D.D.C. Cir. 1989).

"A corporation that operates in many places can scarcely be deemed at home in all of them." Id. It is an "exceptional case" in which "a corporation's operations in a forum other that its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in the State." Id.

Daimler significantly limited the scope of general jurisdiction states may exercise over non-resident defendants. Id. Daimler broke from the "doing business" test that had prevailed in common law for the previous fifty years, by creating a new "at home" test, which significantly heightened the standard to assert general jurisdiction over a non-resident defendant, a test that can only be met in "exceptional cases."

As in Daimler, those exceptional circumstances do not exist in M&B's claims against Cortica, LTD. In Daimler, the Supreme Court ruled that DaimlerChrysler AG of Germany could not be sued in California federal court based on the continuous business activities and jurisdictional contacts of its United States subsidiary Mercedes-Benz USA, LLC, where the claims arose out of alleged human rights violations committed by DaimlerChrysler AG's subsidiary in Argentina decades earlier. The Supreme Court held California could not assert jurisdiction over DaimlerChrysler AG, despite the contacts with California of its California subsidiary, Mercedes-Benz USA, LLC. Mercedes-Benz USA, LLC's

contacts included: a regional headquarters, multiple California-based facilities, and extensive sales, which constituted 10% of the company's nationwide sales, all of which were attributed to DaimlerChrysler AG.  Although Daimler's contacts with California were extensive, the Supreme Court found them nonetheless to be modest relative to the parent company's nationwide and worldwide operations. The Supreme Court concluded that these contacts did not rise to the level necessary to shift DaimlerChrysler AG's principal place of business from Germany to California.  As a result, the Supreme Court held California did not have general jurisdiction over DaimlerChrysler AG.

It is instructive that the Court in New Earthshell Corp. v. Lycos Internet Ltd., No. 14-CV-7665, 2015 WL 4716155, at *1 (D.N.J. Aug. 7, 2015)[4], relied on Daimler and found that it could not exercise personal jurisdiction over an Israel-based defendant, like Cortica, LTD, where that Defendant did not have sufficient contacts with New Jersey to confer jurisdiction.

Likewise, the rationale of the Court in Daimler precludes the assertion of general jurisdiction over Cortica, LTD in New Jersey.  Cortica, LTD does not have "continuous and systematic" contacts with New Jersey sufficient to render it "at home" in New Jersey, and in fact it has no contacts in New Jersey at all (See Odinaev Cert. at ¶¶ 2-7).  Cortica, LTD does not have a "substantial" or "local

---

[4] A copy of this opinion is submitted herewith.

presence" in New Jersey, does not maintain a corporate office, or any office, in New Jersey, and does not solicit, create, nurture or maintain any continuing business relationship with anyone in New Jersey.  M&B's complaint, in fact, confirms that this is the case in that it admits Cortica, LTD is based in Israel, and even its domestic subsidiary Cortica-US, Inc. is based in New York and incorporated in Delaware, not New Jersey.  In short, Cortica, LTD is "at home" in Israel, not in New Jersey.  The holding in <u>Daimler</u> requires that this Court refuse to exercise general jurisdiction over Cortica, LTD.

## C.     Specific Jurisdiction Does Not Exist Over Cortica, LTD

Just as with general jurisdiction, M&B has offered the Court no basis whatsoever to conclude that there is specific jurisdiction over Cortica, LTD. Simply, Cortica, LTD's Israeli patent firm eNitiatives engaged M&B without Cortica, LTD's consent and, as such, Cortica, LTD cannot be said to have "purposely directed [its] activities at the forum," nor is there any basis to suggest plaintiff's claim "arise out of or relate to at least one of those specific activities" and that jurisdiction "otherwise comports with fair play and substantial justice." <u>Marten</u>, 499 F.3d at 296 (internal citations omitted).

In <u>J. McIntyre Mach., Ltd. v. Nicastro</u>, 564 U.S. 873 (2011), the U.S. Supreme Court determined that no specific jurisdiction existed in New Jersey over a company based in England that manufactured machines, four of which ended up

in New Jersey.   There, the company's employees attended trade shows in the United States, but not in New Jersey, the company had no office in New Jersey and "neither paid taxes nor owned property there," and the company "neither advertised in, nor sent any employees to, the State."   Id. at 886.   Because the company "[did] not have a single contact with New Jersey short of the machine in question ending up in this state," the company did not purposefully avail itself of the privileges of conducting business in New Jersey so as to establish specific jurisdiction.

Here, M&B's complaint asserts venue (not jurisdiction) over the matter because M&B allegedly has an office in New Jersey, but there is no connection between Cortica, LTD and New Jersey whatsoever.   Indeed, as set forth in the accompanying certification of Mrs. Odinaev, Cortica, LTD did not engage M&B and had reason to know where M&B operated its business.   (Odinaev Cert. at ¶ 8). M&B worked for eNitiatives, and Cortica, LTD did not direct its activities at M&B or at the forum.   Under these circumstances, subjecting Cortica, LTD to jurisdiction does not comport with notions of fair play or substantial justice.

Indeed, when considering jurisdictional reasonableness, a court considers several factors, including: (1) the burden on the defendant; (2) the plaintiff's interest in convenient and effective relief; (3) the forum's interest in adjudicating the dispute; (4) the interstate or international judicial system's interest in obtaining

an efficient resolution; and (5) the procedural and substantive interests of other countries.  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 324 (3d Cir. 2007). When analyzing specific personal jurisdiction in the context of contractual claims, the Court "must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing."  Remick v. Manfredy, 238 F.3d 248, 256 (3d Cir. 2001).

Specifically, "[i]n contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach."  Id. at 320 (quoting General Electric Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)).  Physical presence in the forum can constitute purposeful availment and as such "[a]ctual presence during pre-contractual negotiations, performance, and resolution of post-contract difficulties is generally factored into the jurisdictional determination."  General Electric, 270 F.3d at 150; see also Telcordia Tech, Inc. v. Telkoon SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006).  Physical presence, however, is not determinative.  Telcordia, 458 F.3d at 177.  Moreover, "the intention to establish a common venture extending over a substantial period of time is a more important consideration."  General Electric, 270 F.3d at 151.  Accordingly, personal jurisdiction does not arise merely where there is a contract and "informational communications."  See Remick, 238 F.3d at 256.

14

Importantly, the bare fact that a party contracted with a vendor in a forum is not enough to establish personal jurisdiction.  Bristol-Myers Squibb Co. v. Superior Court of California, San Fran. County, 137 S. Ct. 1773 (2017).  In this case, Cortica, LTD did not contract with M&B so personal jurisdiction is even more tenuous.

Indeed, the five-factor test does not favor exercise of personal jurisdiction because:

(1) the burden on Cortica, LTD to litigate with eNitiatives in Israel and with M&B over a subset of the eNitiatives litigation in the U.S. is great and unwarranted as it will result in duplication of effort and inability to present a complete case in this form;

(2) the plaintiff's interest in convenient and effective relief is undermined because M&B will be a party and fact witness in the Israel litigation, effectively re-litigating many of the same interests;

(3) the forum's interest in adjudicating the dispute is not persuasive as the business relationship did not touch this forum;

(4) the interstate or international judicial system's interest in obtaining an efficient resolution is served by dismissal because all claims can be fully heard in Israel, as – (a) the majority of parties in this dispute (Cortica, LTD and eNitiatives) are from Israel, and they both are litigating  in front of Israeli court; (b) the

agreement between eNitiatives and Cortica, LTD (in fact the only agreement in this dispute) was signed, performed and breached by eNitiatives in Israel and Israeli law applies thereon with exclusive jurisdiction of the courts of Tel Aviv; (c) eNitiatives has filed a lawsuit against Cortica, LTD in Israel relying on Israeli law, and Cortica, LTD filed a counter lawsuit in Israel relying on Israeli law in which it included M&B as a secondary defendant; (d) most of the technology for which patents were eventually filed and registered in the U.S. was developed in Israel; (e) a substantial part of the negligent work performed by eNitiatives (drafting patent applications and commenting thereon, and interviewing inventors) was performed in Israel, and even the negligent budget management which included M&B's professional fees, was performed by eNitiatives in Israel; (f) most of strategic decisions at issue in this case that were made connection with Cortica, LTD's patent portfolio were made (without consulting Cortica, LTD) in Israel; and (g) correspondence in connection with work was made in Israel; and

(5) the procedural and substantive interests of Israel also favor dismissal as this case involves, primarily, Israel-based businesses.

Under this standard, the undisputed facts show that there is no basis to confer specific personal jurisdiction over Cortica.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ACCORDANCE WITH THE DOCTRINE OF FORUM NON CONVENIENS

### A. Standard of Review

In addition to dismissal due to the absence of personal jurisdiction, the claims against Cortica, LTD and Cortica-U.S., Inc.[5] should also be dismissed for forum non conveniens.  The forum non conveniens doctrine empowers federal courts to dismiss an action when "a foreign tribunal is plainly the more suitable arbiter of the merits of the case." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 425 (2007).  When deciding a motion to dismiss that is based on forum non conveniens and other grounds, courts have "discretion to respond at once to a defendant's [forum non conveniens] plea, and need not take up first any other threshold objection." Id.  Thus, where "considerations of convenience, fairness, and judicial economy so warrant," courts may exercise their discretion to dismiss on forum non conveniens grounds without deciding any jurisdictional questions. Id.  Nonetheless, forum non conveniens considerations "weigh heavily in favor of dismissal" when personal jurisdiction is "difficult to determine." See Sinochem, 549 U.S. at 436.

---

[5] The arguments as to Cortica, LTD apply equally as to the claims against Cortica-US, Inc., which does not own any of the patents at issue, and, therefore Cortica-US, Inc. joins in this portion of the Motion.

Forum non conveniens is a discretionary tool that empowers a district court "to dismiss an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy." Id. at 425. "The doctrine arises from a concern that plaintiffs sometimes attempt to force a trial at a 'most inconvenient place for an adversary, even at some inconvenience to [the plaintiff],' in order to inflict upon an adversary 'expense or trouble not necessary to [the plaintiff's] own right to pursue his remedy.'" Path to Riches, LLC v. Cardiolync, Inc., 290 F.Supp.3d 280, 285 (D. Del. 2018) (quoting Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 615 (3d Cir. 1991) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, (1947)).

To decide whether forum non conveniens is appropriate, district courts engage in a three-step analysis. Path to Riches, LLC, 290 F.Supp.3d at 285. First, the court must determine "whether an adequate alternate forum" exists to entertain the case. Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 160 (3d Cir. 2010). If there is such a forum, the court must next determine "the appropriate amount of deference to be given the plaintiff's choice of forum." Id. Finally, the court must weigh "the relevant public and private interest factors" to determine whether, on balance, "trial in the chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience." Id. If so, or if the chosen forum is "inappropriate" in light of the

court's own "administrative and legal problems," the court "may, in its discretion," dismiss the case.  Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 189 (3d Cir. 2008) (citing Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947)).

A defendant seeking dismissal on the basis of forum non conveniens bears the burden of persuasion.  Path to Riches, LLC, 290 F.Supp.3d at 285.  While, ordinarily, there is generally a "strong presumption" in favor of a plaintiff's choice of forum," that presumption, however, "applies with less force when the plaintiff or real parties in interest are foreign."  Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)).

In performing this forum non conveniens analysis, the court "generally becomes entangled in the merits" to the extent required to "scrutinize the substance of the dispute."  Van Cauwenberghe v. Biard, 486 U.S. 517, 528 (1988). Nevertheless, this "does not call for a detailed development of the entire case" or "require extensive investigation"—instead, the court may rely on the parties' affidavits.  Lony, 935 F.2d at 614.  In fact, motions to dismiss based on forum non conveniens should be decided "at an early stage in the litigation, so that the parties will not waste resources on discovery and trial preparation in a forum that will later decline to exercise its jurisdiction over the case."  See Lony, 935 F.2d at 614.

**B.     Plaintiff's Claims Should be Dismissed for Forum Non Conveniens**

Plaintiff frames this as a collection action in this forum due to diversity, but it is not.  To view this as a collection action is a gross oversimplification.  Rather, this is a facet of a multi-million dollar dispute between Cortica and eNitiatives, and, in that litigation, the work that M&B performed at the behest of eNitiatives and the billing for which M&B seeks to collect in this action are central.

Cortica, LTD and eNitiatives are litigating in Israel, consistent with their agreements that designate that forum, and M&B's claims should be joined in that forum for the convenience of all parties and judicial economy, as Cortica, LTD has sought by filing the counter lawsuit in Israel and including M&B therein.  But for a proper dismissal, there is a significant risk of inconsistent verdicts, e.g., a decision in one forum that funds are owed by Cortica and a decision in another that Cortica was a victim of fraudulent and negligent conduct.

In cases such as this one, our Courts have consistently held that forum non conveniens warrants dismissal.  First, our Courts have held that Israel is, in fact, an adequate alternate forum where the parties in interest are doing business in that forum, such as is the case with Cortica, LTD, eNitiatives, and M&B to the extent it serves eNitiatives.  Path to Riches, LLC, 290 F. Supp. 3d 280, 286 (dismissing case based on forum non conveniens where Israel was the appropriate forum).  See also Kisano Trade & Invest Ltd. v. Lemster, 737 F.3d 869, 873 n.1 (3d Cir. 2013)

20

(Israel was an adequate alternative forum, despite plaintiff's contention that defendants would not be amenable to suit there, where defendants consented to Israeli jurisdiction).

Additionally, our Courts have determined that the appropriate amount of deference to be given to plaintiff's choice of forum is tempered when, as here, the facts giving rise to the dispute occurred in another forum and where there is already ongoing litigation over intertwined issues in that forum.  Here, the decisions as to whether eNitiatives met its duties to Cortica are inextricably linked to the work M&B did for eNitiatives and at eNitiatives's direction, and in fact, it is not possible to hear this dispute without involving Cortica, eNitiatives, and M&B in one forum.

Finally, the "the relevant public and private interest factors", on balance, show trial in this chosen forum will result in oppression or vexation to Cortica out of all proportion to the plaintiff's convenience.  As mentioned above, all relevant witnesses, including eNitiatives witnesses, and all relevant documents are in Israel. Where evidence relating to causation, injury, and damages is located exclusively within a foreign jurisdiction, the defendant has a much greater interest in obtaining a forum non conveniens dismissal.  Miller v. Bos. Sci. Corp., 380 F. Supp. 2d 443, 452 (D.N.J. 2005) (granting dismissal for forum non conveniens based on finding that Israel is the proper forum).  This is especially important here where the

Court's more limited subpoena power over eNitiatives serves to limit the access to important information Cortica needs to supports its defenses.  Id.  Indeed, our Courts have readily held that impracticality of impleading third parties is another factor favoring dismissal, id., whereas, eNitiatives and Cortica can and will add M&B as a party to their Israel litigation.

For these reasons, the Court should also dismiss Plaintiff's complaint on the basis of forum non conveniens.

## III.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN AN INDISPENSABLE PARTY UNDER FED. R. CIV. P. 12(b)(7)[6]

"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[6] If Cortica, LTD is dismissed from this litigation because eNitiatives is an indispensable party that cannot feasibly be joined, Cortica-US, Inc. respectfully requests dismissal as well for the same reasons, and because Cortica, LTD would then be an indispensable party that could not feasibly be joined.  As such, Cortica-US, Inc. joins in this section of Cortica, LTD's Motion.

> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 12(a)(1)(A).  "[O]ne of Rule 19's purposes is to avoid piecemeal litigation … caused by the failure to join an interested party." <u>HB Gen. Corp. v. Manchester Partners,</u> 95 F.3d 1185, 1198 n. 9 (3d Cir. 1996).  "[A] contracting party is the paradigm of an indispensable party in a contractual claim action." <u>Rosenzweig v. Brunswick Corp.,</u> 2008 WL 3895485, at *6 (D.N.J. Aug. 20, 2008) (quotations omitted) (collecting cases).[7]  As set forth in more detail above, given that eNitiatives, and not Cortica, actually engaged M&B, and, therefore, is a contracting party herein, eNitiatives is certainly a required party to this litigation.

Further, because Cortica, LTD has already been sued by eNitiatives in Israel concerning the same subject matter and asserted counterclaims against both eNitiatives and M&B, Cortica, LTD could ultimately be subject to double, multiple and/or inconsistent obligations to M&B and eNitiatives.  *See* <u>Fiscus v. Combus Finance AG</u>, 2007 WL 4164388, at *5 (D.N.J. Nov. 20, 2007)[8] ("When a court is called upon to interpret the terms of a contract and to evaluate whether the parties to the contract have breached those terms or upheld their respective

---

[7] A copy of this opinion is submitted herewith.

[8] A copy of this opinion is submitted herewith.

23

responsibilities, the absence of one or more of the parties exposes the absent party to precisely the kind of risks that Rule 19(a)(2)(i) empowers courts to guard against.").

If a required party can be joined, the court must order that that person be made a party.  Fed. R. Civ. P. 12(a)(2).  If that person cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed R. Civ. P. 12(b).  The factors for the court to consider in making this determination include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Id.  eNitiatives cannot feasibly be joined.  As explained above, the contract between Cortica, LTD and eNitiatives from which any claims Cortica, LTD has

24

against eNitiatives stem is subject to forum selection and governing law clauses listing the Israeli courts and Israeli law, respectively.   For this reason, it is infeasible to join eNitiatives to this matter.  See Rosenzweig, 2008 WL 3895485, at *8 (finding it infeasible to join a party because a forum selection clause).

Additionally, this Court may not even have personal jurisdiction over eNitiatives.  Cortica is not aware of eNitiatives having any contacts with New Jersey.  Cortica further does not know the details of eNitiatives's relationship with M&B, including where they negotiated and agreed to the contract between them, whether anyone from eNitiatives ever travelled to New Jersey in relation to said contract, and whether the contract between eNitiatives and M&B includes any forum selection and/or governing law clauses.  However, it is telling that M&B, which has all of this information, did not include eNitiatives.  This certainly suggests this Court would not have personal jurisdiction over eNitiatives; otherwise, M&B presumably would have sued them too.

The Rule 19(b) factors weigh heavily in favor of dismissing this action, especially since the Israeli courts can provide full and final relief in this matter. Addressing each in turn:

(1) eNitiatives's absence from this litigation will severely prejudice Cortica. If Cortica is found liable to M&B, it has a right to indemnification, set off, and/or contribution from eNitiatives.   As M&B's direct contractor, eNitiatives has

25

information critical to Cortica's defenses.  As explained above, Cortica will be entitled to limited subpoena power to obtain this information, which could prevent Cortica from obtaining information necessary to its defense.  See Miller, 380 F. Supp. 2d at 452.  This would undoubtedly prejudice Cortica.  Additionally, this action could prejudice eNitiatives, especially if this court or another United States court has personal jurisdiction over eNitiatives.  See Rosenzweig, 2008 WL 3895485, at *9 (concluding that "practical prejudice" exists whenever a judicial determination creates precedent that could impact an absent party).

(2) This prejudice cannot be avoided.  There is simply no way this Court could fashion a remedy whereby Cortica is required to pay M&B, but can obtain indemnification and/or contribution from eNitiatives, unless eNitiatives was a party hereto.  Likewise, this Court cannot compel eNitiatives to produce discovery beyond that permitted by its subpoena power.

(3) As already explained, no judgment rendered in this matter can be adequate without eNitiatives.  In considering this factor, the Supreme Court has emphasized "complete, consistent, and efficient settlement of controversies" and "settling disputes by wholes, whenever possible."  See Rosenzweig, 2008 WL 3895485, at *10 (quoting Provident Tradesment Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968)).  If Cortica is found liable to M&B for any amount of money, eNitiatives should be liable for, at least, a portion of that amount, if not the

entire amount. However, without eNitiatives a party to this matter, the Court can only provide relief against Cortica, which would be inadequate. In any event, the Court certainly cannot fashion a remedy that would resolve this dispute wholly (including the claims in the Israeli litigation) without eNitiatives.

(4) M&B would undoubtedly have an adequate remedy if this action were dismissed for nonjoinder: litigate in Israel.

For these reasons, Defendants respectfully request that this case be dismissed with prejudice for failure to join a required party.

## <u>CONCLUSION</u>

Based upon the foregoing, Defendants Cortica, LTD and Cortica –US, Inc. respectfully submit that this Court should grant their motion and dismiss Plaintiff's complaint against it for lack of personal jurisdiction, forum non conveniens, and/or failure to join an indispensable party.

**FLASTER/GREENBERG P.C.**
Attorneys for Defendants Cortica-US, Inc.
and Cortica, LTD

Dated: June 3, 2019          By: /s/ Adam E. Gersh
                              Adam E. Gersh, Esquire

27