IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| M&B IP ANALYSTS, LLC, | : | |
| Plaintiff, | : | Index No.: 2:19-cv-00429 |
| | : | |
| -against- | : | |
| | : | |
| CORTICA-US, INC., and | : | |
| CORTICA, LTD., | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATION OF MICHAEL BEN-SHIMON
IN OPPOSITION TO MOTION TO DISMISS**

I, Michael Ben-Shimon, being of full age, hereby certifies as follows:

1.     I am a member of Plaintiff M&B IP Analysts, LLC ("M&B") in this action. I have personal knowledge of the facts and circumstances in this action and those set forth herein.

2.     Cortica, Ltd.'s motion to dismiss, and the Certification of Karina Odinaev, mischaracterizes and misstates the direct contractual relationship between M&B and Cortica, Ltd.

3.     In 2014, Cortica, Ltd. engaged M&B directly to act as its patent agent for its United States patent portfolio as evidenced by the execution of a Power of Attorney, making M&B Cortica's patent agents in the United States to file patents with the United States Patent and Trademark Office (USPTO).

1

4.     On June 18, 2014, Cortica, Ltd. transitioned its patent portfolio to M&B. Ms. Odinaev executed a Revocation of Power of Attorney and New Power of Attorney and Change of Correspondence Address form on behalf of Cortica, Ltd., which was filed with the USPTO. The Power of Attorney, which is annexed here as **Exhibit A**, appoints all practitioners associated with "Customer Number 122066" as Cortica, Ltd.'s power of attorney.

5.     M&B is registered as Customer Number 122066 with the USPTO. (See USTPO Screenshot, annexed here as **Exhibit B**.)

6.     From 2014 through mid-2018, Cortica, Ltd.'s employees (including Ms. Odinaev) directly coordinated M&B's patent agent activities with respect to its patents registered with the USPTO.

7.     From 2014 through mid-2018, Cortica, Ltd. directly authorized payments made by M&B to the USPTO.

8.     From 2014 through mid-2018, M&B sent invoices for patent agent services and disbursements made on Cortica, Ltd.'s behalf directly to Cortica, Ltd.

9.     From 2014 through the mid-2017, Cortica, Ltd. paid M&B's invoices directly to M&B. Altogether, Cortica, Ltd. paid M&B $731,392.67 from January 8, 2015 to February 6, 2018. I have annexed the Transaction List for Cortica, Ltd. here as **Exhibit C**.

10.    I have also attached a number of emails confirming payments made directly by Cortica to M&B as **Exhibits D, E,** and **F**. In this email correspondence, Cortica employees Dina Eliasi Meister, Leron Kishoni, and Liron Golan acknowledge receipt and payment of various M&B invoices from 2014, 2015, and 2017.

11.    Merely as an example, I have attached email correspondence between M&B and Cortica here as **Exhibit G**.

- On December 7, 2017, M&B patent paralegal Wendy Perrault emailed Ms. Odinaev with information about annuities due to the USPTO for three Cortica, Ltd. patents, for a total of $3,315.00. Ms. Perrault asked Ms. Odinaev if Cortica, Ltd. wanted these annuities to be paid by M&B on Cortica, Ltd.'s behalf.

- On February 2, 2018, Ms. Odinaev emailed Ms. Perrault to approve M&B's payment of these annuities on Cortica, Ltd.'s behalf.

- On February 2, 2018, I emailed Ms. Odinaev to inform her that M&B would pay $3,315.00 directly to the USPTO on Cortica, Ltd.'s behalf, but that I was concerned that Cortica, Ltd. had a significant outstanding balance that was putting a stress on M&B's business.

- On February 2, 2018, Ms. Odinaev added Cortica, Ltd. Chief Financial Officer Asher Avital to the email chain, presumably to address the outstanding balance on behalf of Cortica.

12.    As another example, I have attached relevant email correspondence and invoices between M&B and Cortica, Ltd. here as **Exhibit H**.

- On December 5, 2017 and April 30, 2018, Ms. Perrault emailed Ms. Odinaev regarding a communication from the USPTO Office related to Cortica, Ltd. patent application number 14/224,923.

- Ms. Perrault confirmed that M&B filed an Amendment with the USPTO on Cortica, Ltd.'s behalf and attached an invoice for M&B's services in connection therewith. The invoice, which was billed to Ms. Odinaev at Cortica, Ltd., was in the amount of $840.00 - $600.00 for M&B's services and $240.00 in disbursements made by M&B directly to the USPTO.

- On May 1, 2018, Cortica employee Liron Golan contacted Ms. Perrault by email to ask whether the invoice was the last for the month of April. Ms. Perrault confirmed that it was and attached a full statement of Cortica, Ltd.'s outstanding bills to M&B, which totaled $275,143.00.

13.    M&B has hundreds of other email communications directly with Cortica, Ltd. from 2014 through 2018 that evidence the ongoing direct business relationship between the parties.

14.    All of the work performed by M&B with respect to Cortica, Ltd.'s United States patents and patent applications was performed at from M&B's office located in Morristown, New Jersey, USA.

15.    All M&B employees who worked under Cortica, Ltd.'s direct coordination worked out of M&B's office located in Morristown, New Jersey.

16.    All communications with Cortica, Ltd. and its employees was conducted from M&B's office located in Morristown, New Jersey.

17.    All filings and payments made to the USPTO by M&B on behalf of Cortica, Ltd. were made from M&B's office located in Morristown, New Jersey.

18.     All invoices for the work performed by M&B for Cortica, Ltd. were generated in and sent from M&B's office in Morristown, New Jersey, and all books and records regarding the open balance owed to M&B by Cortica are located at M&B's office in Morristown, New Jersey.

19.     Additionally, all M&B invoices include wire transfer instructions for payments to be made to M&B's Bank of America account located in Morristown, New Jersey. (See **Exhibits F** and **G**.)

20.     In sum, over an approximately 4-year period, Cortica, Ltd. maintained a continuous business relationship directly with M&B, which was and still is located in New Jersey.

21.     Ms. Odinaev's statement that Cortica, Ltd. "has no active business or agreements that apply U.S. law or otherwise submit to jurisdiction in the U.S." is predicated on the assumption that Cortica-US, Inc. and Cortica, Ltd. are completely separate entities, with Cortica-US, Inc. based in New York and Cortica, Ltd. operating exclusively in Israel.

22.     However, Ms. Odinaev, as Chief Operations Officer and Chief Intellectual Property Officer of Cortica, Ltd., was a New York resident and worked out of the New York office of Cortica-US, Inc. at some time between 2014 and 2015.

23.    Cortica co-founder Igal Raichelgauz also was a New York resident and worked out of the New York office of Cortica-US, Inc. at some time between 2014 and 2015.

24.    I met with Ms. Odinaev and Mr. Raichelgauz, as well as Cortica engineers, in person at Cortica's New York office several of times from 2014 through 2016.

25.    Cortica continues maintains an office in New York, which is highlighted on its website, a screenshot of which is annexed here as **Exhibit I**, which is staffed with approximately a dozen employees.

26.    For all intents and purposes, there was no meaningful differentiation between the operation of Cortica-US, Inc. and Cortica, Ltd.

27.    During the entire 4-year relationship, M&B had a seamless relationship with Cortica and there was no separation between the United States and Israeli portions of the business.

28.    Israel is not a convenient forum for this dispute, which concerns a contract and business relationship formed in New Jersey regarding patent agent services performed in New Jersey and United States patents.

29.    M&B's work was not performed in Israel, M&B has no offices or employees in Israel, and there are no business records or other information relevant to this action located in Israel.

6

30.   It would be costly and inconvenient for M&B to litigate this straightforward contract dispute in the Israeli courts.

31.   M&B's entire business operation is located in New Jersey and all of its employees with knowledge of these facts are located in New Jersey. It would be financially and operationally burdensome for them to be required to appear in Israel in support of M&B's claims against Cortica.

32.   The litigation currently pending in Israel between eNitiatives IP, Ltd. ("eNitiatives") and Cortica, Ltd. does not involve M&B because it is based on a contract between eNitiatives and Cortica to which M&B is not a party.

33.   M&B was not a party to the action when eNitiatives commenced the action against Cortica, Ltd. for its unpaid fees, which were rendered by eNitiatives to Cortica in Israel.

34.   eNitiatives never invoiced Cortica for M&B's work. M&B sent invoices for its work on behalf of Cortica directly to Cortica and received payments *directly* from Cortica.

35.   Cortica's claims in the Israeli action concern eNitiatives which was responsible for development of Cortica's overall international patent portfolio and patent filing strategy.

36.     As patent agents, M&B performed filings within the USPTO at Cortica's direction, based on the strategy Cortica developed with eNitiatives, in which M&B had no say or involvement.

37.     M&B's action for its patent agent fees in this Court concerns a completely separate contractual and business relationship, which was conducted directly with Cortica in New Jersey and does not involve eNitiatives.

I certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated:       June 24, 2019

_____
            MICHAEL BEN-SHIMON