**FLASTER/GREENBERG PC**
By:     Adam E. Gersh, Esquire
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 382-2246
Adam.Gersh@flastergreenberg.com
*Attorneys for Defendants Cortica-US, Inc. and Cortica, LTD*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| M&B IP ANALYSTS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 2:19-cv-00429 |
| | : | |
| CORTICA-US, INC., and CORTICA, LTD., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF CORTICA, LTD.

Defendant Cortica, LTD. ("Answering Defendant") by way of answer to the Complaint

of Plaintiff M&B IP Analysts, LLC "Plaintiff") states as follows:

## RESPONSE TO ALLEGATIONS
## OF PLAINTIFF'S COMPLAINT

1.      Denied.  The allegations of the corresponding paragraph constitute conclusions of

law to which no response is required and, in any event, they are denied.

2.      Denied.  The allegations of the corresponding paragraph constitute conclusions of

law to which no response is required and, in any event, they are denied.

3.     Denied.  In accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

4.     Admitted in part and denied in part.  Answering Defendant admits only that Cortica-US, Inc.'s state of incorporation is Delaware.  The remaining allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

5.     Admitted in part and denied in part.  Answering Defendant admits only that Cortica, LTD's business address is 103 Allenby Street, 4th Floor, Tel Aviv, Israel. The remaining allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

6.     Denied.  The allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

7.     Answering Defendant admits only that Cortica-US, Inc.is a subsidiary of Cortica, LTD.  All other allegations are denied.

8.     Denied.  In accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

9.     Denied.  In accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

10.     Denied.  In accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

11.     Denied.  In accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

12.     Denied.  In accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

13.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

14.     Admitted in part and denied in part.  Answering Defendant admits only that it is a patent holder of its patents. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.

15.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

16.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US,

-4-

Inc.also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

17.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc.also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

18.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

19.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

20.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

21.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

22.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

23.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if

any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

24.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that

the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

25.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

## ANSWER TO FIRST CAUSE OF ACTION

26.     Answering Defendant hereby incorporates by reference the preceding paragraphs of this pleading as if set forth fully herein.

27.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R.

Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc.nalso does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

28.    Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

29.    Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if

any, they are directed a party other than Answering Defendant, no response from Answering

Defendant is required.  To the extent, if any, that a response is deemed necessary from

Answering Defendant as to allegations addressed to another party, in accordance with Fed. R.

Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied.

      30.     Denied.  Answering Defendant denies the allegations of the corresponding

paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if

any, they are directed a party other than Answering Defendant, no response from Answering

Defendant is required.  To the extent, if any, that a response is deemed necessary from

Answering Defendant as to allegations addressed to another party, in accordance with Fed. R.

Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied.

      31.     Denied.  By way of further response, Answering Defendant does not have, and

never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to

Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have,

and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided,

were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

      32.     Denied.  Answering Defendant denies the allegations of the corresponding

paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if

any, they are directed a party other than Answering Defendant, no response from Answering

Defendant is required.  To the extent, if any, that a response is deemed necessary from

Answering Defendant as to allegations addressed to another party, in accordance with Fed. R.

Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied.  By way of further response, Answering Defendant

does not have, and never had, any contractual relationship with the Plaintiff, and after a

reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US,

Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that

the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the

named Defendants.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment

in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of

action set forth therein, and award Answering Defendant its costs and expenses, including

attorney's fees, and any other relief that the Court may deem appropriate.

## ANSWER TO SECOND CAUSE OF ACTION

33.     Answering Defendant hereby incorporates by reference the preceding paragraphs

of this pleading as if set forth fully herein.

34.     Denied.  Answering Defendant denies the allegations of the corresponding

paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if

any, they are directed a party other than Answering Defendant, no response from Answering

Defendant is required.  To the extent, if any, that a response is deemed necessary from

Answering Defendant as to allegations addressed to another party, in accordance with Fed. R.

Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

35.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

36.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a

reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

37.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

38.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied.  By way of further response, Answering Defendant

does not have, and never had, any contractual relationship with the Plaintiff, and after a

reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US,

Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that

the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the

named Defendants.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment

in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of

action set forth therein, and award Answering Defendant its costs and expenses, including

attorney's fees, and any other relief that the Court may deem appropriate.

## ANSWER TO THIRD CAUSE OF ACTION

39.     Answering Defendant hereby incorporates by reference the preceding paragraphs

of this pleading as if set forth fully herein.

40.     Denied.  Answering Defendant denies the allegations of the corresponding

paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if

any, they are directed a party other than Answering Defendant, no response from Answering

Defendant is required.  To the extent, if any, that a response is deemed necessary from

Answering Defendant as to allegations addressed to another party, in accordance with Fed. R.

Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied.  By way of further response, Answering Defendant

does not have, and never had, any contractual relationship with the Plaintiff, and after a

reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

41.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

42.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied.  By way of further response, Answering Defendant

does not have, and never had, any contractual relationship with the Plaintiff, and after a

reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US,

Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that

the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the

named Defendants.

43.     Denied.  Answering Defendant denies the allegations of the corresponding

paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if

any, they are directed a party other than Answering Defendant, no response from Answering

Defendant is required.  To the extent, if any, that a response is deemed necessary from

Answering Defendant as to allegations addressed to another party, in accordance with Fed. R.

Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied.

44.     Denied.  Answering Defendant denies the allegations of the corresponding

paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if

any, they are directed a party other than Answering Defendant, no response from Answering

Defendant is required.  To the extent, if any, that a response is deemed necessary from

Answering Defendant as to allegations addressed to another party, in accordance with Fed. R.

Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations of the corresponding

paragraph and, therefore, they are denied.  By way of further response, Answering Defendant

does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

45.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.  By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

46.     Denied.  Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.  To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R.

Civ. Pro. 8 (b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Answering Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Answering Defendant bears any burden of proof about any of the following affirmative defenses, Answering Defendant avers:

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the absence of any contractual privity with Answering Defendant.

### Third Affirmative Defense

Plaintiff's claims are barred or limited because it has unclean hands.

### Fourth Affirmative Defense

Plaintiff brought this action in the improper venue and in a Court that lacks jurisdiction over Answering Defendant and/or all the parties.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or unclean hands.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations or other limitations upon actions.

### Seventh Affirmative Defense

Plaintiff has failed to mitigate its alleged damages.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Ninth Affirmative Defense

No act or omission on the part of Answering Defendant was the proximate cause or contributing cause of any damages Plaintiff allegedly suffered.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Answering Defendant never owed any duty to Plaintiff and never breached any duty allegedly owed to it.

### Eleventh Affirmative Defense

Answering Defendant at all times acted in good faith, for legitimate business reasons, and without intent to violate the law or cause harm to Plaintiff.

### Twelfth Affirmative Defense

Plaintiff's claims are barred because Plaintiff unreasonably failed to avail itself of the remedies available its contract with third parties that gives rises to its claims

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because Plaintiff failed to exhaust Plaintiff's available administrative remedies.

### Fourteenth Affirmative Defense

Plaintiff brought this action in the improper venue and in a Court that lacks jurisdiction over the subject matter.

-20-

**<u>Fifteenth Affirmative Defense</u>**

Any sums due to Plaintiff are offset in their entirety due to the damages Plaintiff's actions caused to Answering Defendant through its negligent services, overbilling, and performance of work that was not approved by Answering Defendant.

Answering Defendant intends to rely upon such other defenses as may be available or become apparent during discovery proceedings in this case and hereby specifically reserves the right to amend this Answer to plead said defenses.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

**FLASTER/GREENBERG P.C.**

Dated:  July 20, 2020          <u>By: /s/ Adam E. Gersh</u>
Adam E. Gersh, Esquire
Adam.Gersh@flastergreenberg.com
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ  08002
(856) 382-2246 (Telephone)
(856) 661-1919 (Facsimile)
Attorneys for Defendants Cortica-US, Inc.
and Cortica, LTD