**FLASTER/GREENBERG PC**
By:     Adam E. Gersh, Esquire
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 382-2246
Adam.Gersh@flastergreenberg.com
*Attorneys for Defendants Cortica-US, Inc. and Cortica, LTD.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| M&B IP ANALYSTS, LLC, | : |
|  | : |
| Plaintiff, | : C.A. No. 2:19-cv-00429 |
| v. | : |
|  | : JURY TRIAL DEMANDED |
| CORTICA-US, INC., and CORTICA, LTD., | : |
|  | : |
| Defendants. | : |

---

### MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANT CORTICA, LTD.'S MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE COUNTERCLAIMS

---

                                                 On the brief:
                                                 Adam E. Gersh, Esquire

Dated: May 28, 2021

8308025 v1

ii

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY................................................... 1

ARGUMENT............................................................................................................................. 2

CONCLUSION.......................................................................................................................... 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Cureton v. NCAA*,
    252 F.3d 267 (3d Cir. 2001) ..................................................................................................3

*Dawn Rest. Inc. v. Penn Millers Ins. Co.*,
    No. CIV.A. 10-2273 MLC, 2011 WL 3625120 (D.N.J. Aug. 16, 2011) ..................................3

*Harrison Beverage Co. v. Dribeck Importers, Inc.*,
    133 F.R.D. 463 (D.N.J. 1990) ...............................................................................................4

*Korrow v. Aaron's, Inc.*,
    300 F.R.D. 215 (D.N.J. 2014) ...............................................................................................3

*Long v. Wilson*,
    393 F.3d 390 (3d Cir. 2004) .................................................................................................3

**RULES**

Fed. R. Civ. P. 15(a)(2) ...............................................................................................................3

## PRELIMINARY STATEMENT

Defendant Cortica, LTD. ("Cortica"), by and through undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion for Leave to Amend Its Answer to include Counterclaims. The proposed Amended Answer and Counterclaims ("the Counterclaim") is attached as Exhibit A.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Cortica respectfully relies on the facts asserted in its Motion to Dismiss, filed June 3, 2019 (ECF No. 15), as well as the following procedural history:

M&B filed the Complaint in January 2019. Pursuant to the Court's order extending the time to file responsive pleadings, Cortica moved to dismiss the Complaint on June 3, 2019 for lack of personal jurisdiction, *forum non conveniens*, and failure to join an indispensable party. The Court issued its decision on June 22, 2020, denying the Motion to Dismiss. Pursuant to the Court's subsequent order for an extension of time, Cortica filed its Answer to the Complaint on July 20, 2020. In its Answer, Cortica pled an affirmative defense of setoff, asserting: "*Any sums due to Plaintiff are offset in their entirety due to the damages Plaintiff's actions caused to Answering Defendant through its negligent services, overbilling, and performance of work that was not approved by Answering Defendant.*" (Cortica Answer 21, "Fifteenth Affirmative Defense," attached as Exhibit B).

The deadline for discovery was initially set for February 28, 2021. Following a phone conference with the parties in late February, Magistrate Judge Waldor instructed the parties to submit an amended scheduling order by March 12, 2021, and scheduled a follow-up conference for April 20, 2021.

Concurrently with this litigation, eNitiatives, Inc. ("eNitiatives"), the Israeli company with whom Cortica contracted to manage Cortica's patents and guide its strategy, initiated a suit in

1

Israel against Cortica for allegedly outstanding fees. Cortica filed a Counterclaim in the Israel litigation ("Israel Counterclaim," attached as Exhibit C) against eNitiatives as well as a third-party complaint against M&B, which performed patent work on Cortica's patents in the United States in conjunction with or as the subcontractor or agent of eNitiatives. The Israel Counterclaim asserted detailed facts showing that M&B (as well as eNitiatives) provided negligent, sub-par services to Cortica, causing Cortica substantial losses. (Israel Counterclaim 18-29). The Israel Counterclaim also alleged that M&B engaged in improper or misleading billing practices to collect from Cortica far more than it was owed. (*See id.* at 15-17, 30-31). The Israel Counterclaim asserted claims against M&B and eNitiatives including gross professional negligence, fraud, negligent misrepresentation, breach of contract, and performance of a contract in bad faith. (*Id.* at 31-33).

As both Cortica and eNitiatives are based in Israel, Cortica sought to litigate its claims against eNitiatives and M&B in that forum, while engaging United States counsel to defend against M&B's action in this Court. However, on February 4, 2021, the court in Israel ordered the dismissal of Cortica's counterclaim against M&B due to *forum non conveniens*, among other reasons. While Cortica has appealed that decision in Israel, which appeal is pending in the Israel Supreme Court, Cortica seeks to assert its counterclaims in this case to avoid the potential forfeiture of its claims altogether.

## ARGUMENT

Leave to amend should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). An amendment should be permitted, "absent undue or substantial prejudice," where the motion to amend is not the result of "bad faith or dilatory motive, truly undue or unexplained delay, [or] repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quotation omitted). Prejudice is not presumed; thus, the court should allow an amendment where there is no proof that it will (1)

2

cost the non-moving party "significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction." *Dawn Rest. Inc. v. Penn Millers Ins. Co.*, No. CIV.A. 10-2273 MLC, 2011 WL 3625120, at *2 (D.N.J. Aug. 16, 2011). Mere delay that can be explained satisfactorily does not suffice to deny leave to amend a pleading. *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 219 (D.N.J. 2014) (citations omitted). The focus in evaluating an alleged burden on an adverse party due to an amendment is "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (stating "incidental prejudice" insufficient to deny amendment where opponent is not "deprived of the opportunity to present facts or evidence which it would have offered" (citation omitted)).

Here, Cortica seeks in good faith to amend its Answer to pursue its claims against M&B, which were only recently dismissed in Israel, Cortica's home forum. As long as Cortica's Israel Counterclaim was pending in Israel, it had no cause to entangle itself in duplicate litigation in Israel and the United States. Thus, Cortica has acted diligently and reasonably, without "bad faith or dilatory motive," in requesting leave to assert its counterclaim at this juncture. Additionally, Cortica has not previously requested to amend its pleadings.

Moreover, the Court's grant of leave to file the Counterclaim would work no prejudice against M&B, because the Counterclaim would not require M&B to expend additional costs, preparation, or discovery to defend against new theories of facts, since Cortica has already asserted the same facts against M&B both in its Fifteenth Affirmative Defense and in its Israel Counterclaim. The Fifteenth Affirmative Defense of setoff includes the core allegations pled in

the Counterclaim regarding M&B's performance and billing practices. (Cortica Answer 21). By necessity, those allegations must be addressed in this litigation, because a determination of M&B's entitlement to payment will turn on the extent it provided negligent and engaged in fraudulent or inaccurate billing practices or provided defective services. The Counterclaim raises those very issues, albeit as the basis of a claim for affirmative relief, as opposed to merely a defense against M&B's claims. Likewise, the Counterclaim will not delay the disposition of the suit, because even absent the Counterclaim, Cortica's affirmative defense of setoff necessitates a determination of the identical issues of fact.

Likewise, the Israel Counterclaim has made M&B fully aware both of the details of Cortica's factual allegations regarding M&B's performance and billing and of Cortica's theories recovery. The Israel Counterclaim alleges the same facts as the Counterclaim, and likewise asserts claims for gross professional negligence; fraud; negligent misrepresentation; breach of contract; and failure to perform in good faith (Israel Counterclaim at 31-33). Since the Counterclaim introduces no new issues of fact and no new claims or theories of which M&B may not have known, the Counterclaim will not cause undue prejudice to M&B by depriving it "the opportunity to present facts or evidence which it would have offered."

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant them leave to amend the Answer to include the Counterclaim.

Dated: May 28, 2021

Respectfully submitted,

\_\_/s/ Adam E. Gersh\_\_
Adam E. Gersh, Esquire
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ 08002

4

(856) 382-2246
Adam.Gersh@flastergreenberg.com
*Attorneys for Defendants Cortica-US, Inc.
and Cortica, LTD.*

## CERTIFICATE OF SERVICE

I certify that on May 28, 2021, the following documents were filed electronically and are available for viewing and downloading from the Electronic Case Filing system by all counsel/parties of record:

1. Defendant Cortica, LTD.'s Motion for Leave to Amend Its Answer to Include Counterclaims

2. This Certificate of Service.

                                          **FLASTER/GREENBERG P.C.**
Attorneys for Defendants Cortica-US, Inc. and Cortica, LTD.

Dated: May 28, 2021        By:   /s/ Adam E. Gersh
                                        Adam E. Gersh, Esquire