# EXHIBIT A

**FLASTER/GREENBERG PC**
By:     Adam E. Gersh, Esquire
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 382-2246
Adam.Gersh@flastergreenberg.com
*Attorneys for Defendants Cortica-US, Inc. and Cortica, LTD.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| M&B IP ANALYSTS, LLC, | : |
| | : |
| Plaintiff, | : C.A. No. 2:19-cv-00429 |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| CORTICA-US, INC., and CORTICA, LTD., | : |
| | : |
| Defendants. | : |
| | : |

## DEFENDANT CORTICA, LTD.'S AMENDED ANSWER AND COUNTERCLAIM

Defendant Cortica, LTD. ("Cortica" or "Answering Defendant"), by and through

undersigned counsel, for its Amended Answer and Counterclaim, avers as follows:

## RESPONSES TO ALLEGATIONS OF PLAINTIFF'S COMPLAINT

1.      Denied. The allegations of the corresponding paragraph constitute conclusions of

law to which no response is required and, in any event, they are denied.

2.      Denied. The allegations of the corresponding paragraph constitute conclusions of

law to which no response is required and, in any event, they are denied.

3.      Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry,

Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations of the corresponding paragraph and, therefore, they are denied.

4.       Admitted in part and denied in part. Answering Defendant admits only that Cortica-US, Inc.'s state of incorporation is Delaware. The remaining allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

5.       Admitted in part and denied in part. Answering Defendant admits only that Cortica, LTD.'s business address is 103 Allenby Street, 4th Floor, Tel Aviv, Israel. The remaining allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

6.       Denied. The allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

7.       Answering Defendant admits only that Cortica-US, Inc.is a subsidiary of Cortica, LTD. All other allegations are denied.

8.       Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

9.       Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

10.       Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

11.     Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

12.     Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

13.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

14.     Admitted in part and denied in part. Answering Defendant admits only that it is a patent holder of its patents. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.

15.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering

3

Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

16.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

17.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering

4

Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

18.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

19.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any,

8306677 v3

they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

20.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

21.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

22.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

23.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never

had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

24.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

25.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to

8

Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

## ANSWER TO FIRST CAUSE OF ACTION

26.    Answering Defendant hereby incorporates by reference the preceding paragraphs of this pleading as if set forth fully herein.

27.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

28.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information

8306677 v3

sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

29.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

30.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

8306677 v3

31.     Denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

32.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Answering Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

## ANSWER TO SECOND CAUSE OF ACTION

33.     Answering Defendant hereby incorporates by reference the preceding paragraphs of this pleading as if set forth fully herein.

11

8306677 v3

34.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

35.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

36.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is

required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

37.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

38.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are

directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Answering Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

## ANSWER TO THIRD CAUSE OF ACTION

39.     Answering Defendant hereby incorporates by reference the preceding paragraphs of this pleading as if set forth fully herein.

40.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are

14

denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

41.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

42.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a

belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

43.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

44.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's

16

best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

45.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

46.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

8306677 v3

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Answering Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Answering Defendant bears any burden of proof about any of the following affirmative defenses, Answering Defendant avers:

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the absence of any contractual privity with Answering Defendant.

### Third Affirmative Defense

Plaintiff's claims are barred or limited because it has unclean hands.

### Fourth Affirmative Defense

Plaintiff brought this action in the improper venue and in a Court that lacks jurisdiction over Answering Defendant and/or all the parties.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or unclean hands.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations or other limitations upon actions.

## Seventh Affirmative Defense

Plaintiff has failed to mitigate its alleged damages.

## Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

## Ninth Affirmative Defense

No act or omission on the part of Answering Defendant was the proximate cause or contributing cause of any damages Plaintiff allegedly suffered.

## Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Answering Defendant never owed any duty to Plaintiff and never breached any duty allegedly owed to it.

## Eleventh Affirmative Defense

Answering Defendant at all times acted in good faith, for legitimate business reasons, and without intent to violate the law or cause harm to Plaintiff.

## Twelfth Affirmative Defense

Plaintiff's claims are barred because Plaintiff unreasonably failed to avail itself of the remedies available its contract with third parties that gives rises to its claims

## Thirteenth Affirmative Defense

Plaintiff's claims are barred because Plaintiff failed to exhaust Plaintiff's available administrative remedies.

## Fourteenth Affirmative Defense

Plaintiff brought this action in the improper venue and in a Court that lacks jurisdiction over the subject matter.

8306677 v3

**Fifteenth Affirmative Defense**

Any sums due to Plaintiff are offset in their entirety due to the damages Plaintiff's actions caused to Answering Defendant through its negligent services, overbilling, and performance of work that was not approved by Answering Defendant.

Answering Defendant intends to rely upon such other defenses as may be available or become apparent during discovery proceedings in this case and hereby specifically reserves the right to amend this Answer to plead said defenses.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

## COUNTERCLAIM

### A.  Cortica and Its Core Technology

47.     Cortica is an Israeli technology company operating in the cutting-edge field of artificial intelligence.

48.     Established as a startup in 2007, Cortica has developed platforms — most notably, for use in autonomous vehicles — with the capacity to "learn" their environment, extrapolate data to create new "concepts," and design and tailor operations accordingly.

49.     Cortica's core technology involves creating platforms with the capacity to analyze their environment by identifying and classifying surrounding objects, behaviors, and patterns, then using those classifications to broaden the platforms' own databases.

50.     For example, Cortica's technology would allow an autonomous car, equipped with a video of the surrounding area, to identify various objects in its environment, including pedestrians, buildings, other cars, traffic signals, and the like.

8306677 v3

51.     The Cortica technology compares the video images to existing databases comprised of various samples of different types of objects (e.g., car models, traffic signals, pedestrians), called "concepts."

52.     Each preexisting category of images triggers a certain programmed behavior in the car (e.g., reaction to a red light, to a pedestrian, to a sidewalk), and when a new image is compared to the existing database, the car categorizes the new image and applies the appropriate programmed behavior to it.

53.     The original innovations underlying Cortica's technology were patented between 2006 and 2008.

54.     Cortica continued research and development over the years, and starting in 2012, certain core foundations of its technology underwent a fundamental change. These changes include materially new ways in which autonomous cars could both create signatures of their surroundings and learn new concepts.

55.     These new innovations were eligible for new patent applications.

**B.   <u>The Agreement Between Cortica and eNitiatives, Ltd.</u>**

56.     Cortica entered into an agreement in 2011 with eNitiatives, Ltd. ("eNitiatives"), an Israeli company that manages patents owned by other parties, to manage Cortica's patent portfolio internationally.

57.     That agreement continued (with some modifications) a prior agreement between the parties dating from 2008. The 2011 agreement was subsequently renewed with some additional modifications in 2016.

58.     eNitiatives, in turn, used Mr. Ben-Shimon and M&B, as well as M&B's predecessor company in which Mr. Ben-Shimon worked prior to establishing M&B, to handle Cortica's patents before the United States Patent and Trademark Office ("USPTO").

59.     M&B apparently assumed this role pursuant to a third-party arrangement between eNitiatives and M&B to which Cortica was not a party.

**C.  M&B's Negligent Performance**

60.     Material for this Counterclaim, the agreement with eNitiatives created an automatic fee triggered by certain "milestones" to be accomplished for any one patent application on Cortica's behalf.

61.     These payment milestones included submission of patent-related documents to a patent attorney or patent agent; the actual filing of a patent with the USPTO; and the allowance of a patent by the USPTO.

62.     This fee structure in fact incentivized quantity over quality: the more patent applications that could be submitted, the more Cortica would be charged, regardless of the quality of patent protection the application process would afford Cortica.

63.     M&B performed accordingly by purporting to process as many of Cortica's patents as it could with as much speed as possible — all the while failing to comply with basic standards of competence and skill.

64.     M&B's negligent performance took several forms, as explained below.

**1.     M&B Filed CIP Applications Instead of Applications for Full Patent Protection, and It Failed to Explain to Cortica the Implications of CIP Applications.**

65.     M&B filed the vast majority of Cortica's patents as Continuation in Part ("CIP") applications instead of as original parent patents, which ensured those patents would have far shorter periods of protection.

66.     To provide some background, CIP applications are a means of obtaining protection where the owner of an existing patent develops a subsequent improvement to the patent.

67.     Ordinarily, this improvement would be ineligible for patent protection because the original patent (called the "parent patent") would be deemed "prior art" and disqualify the improvement from independent patent protection.

68.     To circumvent this issue, the law permits an inventor to file a CIP application, which if granted extends the protection of the parent patent to the improvement.

69.     However, the protection afforded pursuant to a CIP application does not last the ordinary twenty-year duration to which original patents are entitled, but continues only for the remainder of the duration of the parent patent.

70.     Likewise, where a chain of CIP applications are filed for a series of subsequent improvements to a parent patent, each CIP application is limited to the duration of the original parent patent.

71.     Thus, CIP applications can provide protection for improvements to parent patents that do not constitute sufficiently innovative developments to qualify as parent patents themselves, and absent a CIP application would be denied protection altogether.

72.     CIP applications generally entail substantially less work on the part of patent agent.

73.     However, the protection available to a CIP application is limited by a rigid one-year deadline, after which the new improvement may be ineligible for protection to the extent the parent patent is deemed prior art.

74.     Thus, where an existing parent patent would not constitute prior art with respect to an innovative new technology, an original patent application for twenty years of patent protection period, and not a CIP application, is the correct procedure.

8306677 v3

75.     If a CIP application is instead filed and granted for the new technology as a continuation of a parent patent, the new invention will lose years of protection according to the time already elapsed from the parent patent.

76.     Where in addition to filing a CIP application for new technology instead of an original patent application, the CIP application is filed after the one-year limit, the new technology will not only be deprived of the twenty-year duration of original patents, it will also lose the principal protection available to CIP applications — eligibility even if the parent patent is deemed prior art.

77.     The main motivation for filing a late CIP application in this circumstance is to create less work for the patent agent.

78.     Here, M&B undertook to perform services for Cortica's patent portfolio, which included many new technological innovations that would qualify for parent patent status themselves — including new technology both to create signatures of a car's environment and to identify and create new concepts.

79.     These material changes, many of which related to Cortica's core technology, would have been eligible for independent patents lasting twenty years, and could have served as parent patents to CIP applications for subsequent improvements.

80.     However, for about 70% of Cortica's United States patents, M&B instead filed CIP applications, seizing on the opportunity CIP applications provided to file a greater number of applications in a shorter period.

81.     This approach allowed M&B to process more patents and reach more milestones, with the dual results both of more payment and of less work for itself.

82.     The consequence of M&B's approach was to deprive Cortica of years and years of patent protection across its portfolio, while Cortica was never informed of these implications.

83.     In some cases, the protection afforded Cortica's patents, due to the filing of CIP applications instead of original patent applications, resulted in protection lasting no more than seven years for a new invention, resulting in a loss of thirteen years of protection.

**2.      M&B Generated a Large Volume of Applications by Cutting and Pasting Indiscriminately from Prior Applications.**

84.     Moreover, a review of CIP applications drafted and filed by M&B revealed that they were largely constructed of components from other CIP applications. M&B would simply copy and paste whole portions of prior CIP applications into new CIP applications, sometimes including wholly irrelevant information.

85.     This copy-and-paste method, in addition to the use of CIP applications instead of original patent applications, allowed M&B to draft a large volume of slipshod applications in a short time, sacrificing quality of protection for speed.

86.     Not only eNitiatives, but also M&B directly benefited from the copy-and-paste method and the use of CIP applications because this far less time-consuming approach facilitated the reaching of more "milestones" more quickly, while directly harming Cortica by failing to obtain twenty-year patents.

87.     However, while M&B simply copied and pasted from prior CIP applications to create new ones with minimal effort and only minor additions, it nonetheless charged Cortica the full fee as if for independent applications for original patents, or a similar rate.

**3.      M&B Made Key Decisions with Long-Lasting Effects on Cortica's Portfolio Without Bothering to Obtain Cortica's Approval.**

88.     M&B also negligently managed Cortica's patents by making critical decisions about Cortica's patent protection and strategy without bothering to consult with Cortica beforehand.

89.     For example, M&B responded to patent examiners' reservations and challenges, sometimes by significantly reducing claims, without informing Cortica.

90.     Likewise, M&B failed to wait for Cortica's approval of application drafts before submitting them to the USPTO.

91.     In some cases, M&B did not even send Cortica a draft to review, and in others applications were filed without Cortica's approval to file any application at all.

92.     M&B conducted no discussions or meetings with Cortica to present alternative methods of applying for patents — such as by filing original patent applications as opposed to CIP applications — or to determine the relative benefits of wording an application in one way or in another.

93.     For example, M&B, either independently or in conjunction with eNitiatives, announced the abandonment of a patent application (COR-088), which eNitiatives valued at between one and three million dollars, without consulting Cortica.

94.     M&B sent Cortica only invoices, sometimes without a copy of the application for which it was charging.

95.     M&B also continued to file dozens of applications without interviewing the inventors in accord with fundamental professional standards, as such interviews did not trigger automatic fees.

96.     M&B's negligent failure to interview the inventors resulted directly in poorly worded applications by M&B.

97.     Cortica had no knowledge of these unilateral decisions by M&B, as it would simply receive a bill for services from M&B.

98.     Nor did M&B inform Cortica of cost-saving measures in managing its patents, such as by filing consolidated new applications for several similar patents at a time, or consolidating existing applications, to costs of tens or hundreds of thousands of dollars.

**4.     M&B Failed to Convert Provisional Applications to Non-Provisional Applications.**

99.     In addition, M&B acted without Cortica's approval in converting provisional applications to non-provisional applications.

100.    A provisional application is a bare-bones application that serves as a "place holder," allowing an applicant to upgrade and improve its invention and to craft a more compelling final application. So long as the final application is filed within one year, it is predated to the time of the filing of the provisional application.

101.    However, after provisional applications were filed for various inventions, M&B opted not to expend the time and effort of inquiring into any subsequent improvements to the invention, or of drafting complete, non-provisional applications within the year of the provisional applications.

102.    Instead, M&B simply had the provisional applications converted to final applications — all without Cortica's prior knowledge and consent.

103.    For example, a provisional application that was filed in February 2017 was neglected until it expired after one year (while Cortica's agreement with eNitiatives was still ongoing) without M&B filing a non-provisional application or converting it to a non-provisional application.

8306677 v3

104.   Although eNitiatives expressly agreed to convert this provisional application to a non-provisional application as part of a budget proposal in July 2017, and although M&B was purportedly working on Cortica's patents pursuant to Cortica's agreement with eNitiatives, M&B failed to effect the conversion, costing Cortica the priority date of the provisional application.

**5.    M&B Failed to Conform Its Drafting of Applications to Developments in Patent Law, with Significant Adverse Effects on Cortica's Patent Protection.**

105.   In addition, M&B failed to modify its practice in drafting applications to comply with developments in United States patent law, such as a stricter standard for granting patents to software innovations on the grounds that those inventions were "abstract ideas" and thus ineligible for patent protection under section 101 of the Patent Act, 35 U.S. Code § 101.

106.   Despite this overhaul of United States software patent law and practice, M&B not only failed to inform Cortica that any change had occurred, but also failed to change any aspect in the manner it` drafted applications.

107.   While software patent applications decreased in number nationwide following these shifts in the law, M&B's applications for Cortica software innovations increased substantially during that time.

108.   Due to the failure to conform its applications to the new legal standard, many Cortica applications filed by M&B were rejected based on section 101 of the Patent Act, requiring Cortica to spend money to address the USPTO's reservations.

**6.    M&B Consistently Filed Poorly Drafted and Ineffective Applications with Evident Errors and Insufficient Clarity.**

109.   M&B's applications also suffered from pervasive sloppiness, poor wording, and unprofessional presentation.

110.    For example, due to its "copy-and-paste" practice, M&B filed a patent application with reference to image recognition technology, while the illustrative figures attached referred to sound recognition technology.

111.    Likewise, M&B filed applications that lacked all but vague, superficial descriptions, failing to detail how the technology works or its exact makeup.

112.    Many applications simply included a list of how some components of the technology "should be" designed, instead of explaining how the components were actually designed and implemented, or through vague "incorporations by reference" to other patent applications — some of which in turn only vaguely referenced other applications or patents — resulting in substantial confusion.

113.    Applications were drafted with incorrect terms, insufficient detail, imprecise and indefinite wording, and without the required language addressing the new heightened standard applicable to software patents (which must explain precisely how the invention improves the software operation).

114.    Applications for new innovations in Cortica's core technology in 2012 and onward were often lifted from earlier applications filed between 2006 and 2008, and thus failed to reflect the fundamental changes in the technology.

**D.  M&B's Inflated Billing Practices:**

115.    Despite the sub-standard performance of M&B, it nonetheless billed Cortica what would have been an exorbitant amount even for competent work.

116.    After receiving outsized bills from M&B and eNitiatives, Cortica had eNitiatives agree to a reduced budget on May 4, 2017, with a cap of $221,000 for the remainder of 2017.

117.    However, although M&B worked as an agent of eNitiatives, it billed Cortica approximately $77,000 for May 2017 alone — more than a quarter of the agreed-on budget for the rest of the year.

118.    Moreover, a significant portion of M&B's bills were for work already performed and billed by eNitiatives.

119.    For example, eNitiatives would draft a patent application and send it to M&B, which would file the draft, and sometimes would make comments such as regarding technical phrasing.

120.    Cortica would be charged a total of approximately $13,000, including $5,000 to eNitiatives for drafting and filing, another $3,000 to eNitiatives if the patent is accepted for registration, and $5,000 to M&B for its role.

121.    While M&B's fee may have made sense if it was drafting applications from scratch or making significant changes to prior drafts based on its expertise and familiarity with United States patent law, M&B in fact did no such thing, but instead gave a cursory review to work already completed by eNitiatives.

122.    As a result, Cortica ultimately paid what amounted to nearly double billing by M&B for virtually the same work performed by eNitiatives.

123.    Cortica did not discover this billing practice until the number of applications filed sharply increased, to Cortica's surprise, and after an examination by an outside provider of M&B's modus operandi.

124.    In the pending suit filed by eNitiatives in the District Court of Tel Aviv, Cortica's counterclaim against M&B -- based on facts asserted in this Counterclaim — was dismissed on February 4, 2021 for *forum non conveniens*, among other reasons. Cortica has appealed that

dismissal to the Israel Supreme Court, which appeal remains pending. Cortica asserts this Counterclaim to avoid the loss of its right to relief in the event its appeal in Israel is unsuccessful.

## COUNT I – PROFESSIONAL NEGLIGENCE

125.    Cortica hereby incorporates the foregoing paragraphs as if repeated in full.

126.    M&B performed patent work as an agent or subcontractor of eNitiatives for Cortica's patents.

127.    In undertaking to perform patent work for Cortica's patents, M&B implicitly represented that it had and would use the knowledge, skill, and judgment ordinarily possessed and used by the average patent agent in good standing in similar communities as of time M&B performed its work.

128.    M&B owed a duty of care to Cortica by virtue of M&B's relationship with eNitiatives and M&B's undertaking to perform work on Cortica's patents.

129.    In addition, Cortica was induced by eNitiatives and by M&B to rely on M&B's patent services and M&B's representations regarding the quality of its work on Cortica's patents, and Cortica relied on M&B's services and representations.

130.    M&B knew that Cortica would rely on M&B's patent services, claimed expertise in patent practice, and representations about the quality of M&B's work, and the harm to Cortica occasioned by M&B's subpar performance was foreseeable.

131.    M&B failed to conform its performance to the standard of competence, skill, and professionalism ordinarily possessed and exercised by the average patent agent in similar communities.

132.    M&B negligently performed sub-standard work and breached its duty of care with regard to Cortica's patents, including by the following practices:

a.  filing CIP applications for new innovations instead of original patent applications, without notifying or explaining to Cortica the implications of using CIP applications;

b.  cutting and pasting indiscriminately and negligently from prior applications to new applications;

c.  making important unilateral decisions about Cortica's patents without consulting or obtaining approval from Cortica;

d.  failing to conform its applications to new legal requirements;

e.  filing slipshod, amateurish, and ineffectual applications rife with errors and irrelevant information or illustrations, vague phrasing and confusing cross-references, and insufficient explanatory detail.

133.    M&B's negligent performance directly and proximately caused injury to Cortica by failing to obtain full and complete protection for Cortica's patents, by causing various patents of Cortica to have reduced quality or duration of protection, and by causing Cortica to expend money and time to address deficiencies in M&B's work.

134.    But for the subpar work performed by M&B, Cortica's patents would have secured more robust patent protection.

135.    M&B failed to exercise judgment in its decisions and actions respecting Cortica's patents in conformance with the judgment of an average patent agent in similar circumstances.

## <u>COUNT II – BREACH OF CONTRACT</u>

136.    Cortica hereby incorporates the foregoing paragraphs as if repeated in full.

137.    In the alternative, assuming without admitting that a valid contract existed between Cortica and M&B for performance of patent work on Cortica's behalf, M&B breached its contractual duties by, among others:

    a.      performing negligently;

    b.      failing to conform to the standard of care, competence, skill, and judgment exercised by the average patent agent in similar circumstances;

    c.      concealing the extent of its negligent performance;

    d.      charging for work already performed;

    e.      misrepresenting the basis for its demands of payment; and

    f.      charging exorbitantly unreasonable fees.

138.    M&B's breaches of contract have directly and proximately caused Cortica damage.

## COUNT III – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

139.    Cortica hereby incorporates the foregoing paragraphs as if repeated in full.

140.    In the alternative, assuming without admitting that a valid contract existed between Cortica and M&B for performance of patent work on Cortica's behalf, M&B breached the implied covenant and duty of good faith and fair dealing by, among others:

    a.      performing negligently;

    b.      failing to conform to the standard of care, competence, skill, and judgment exercised by the average patent agent in similar circumstances;

    c.      concealing the extent of its negligent performance;

    d.      charging for work already performed;

    e.      misrepresenting the basis for its demands of payment; and

    f.      charging exorbitantly unreasonable fees.

141.    M&B acted in a manner unfaithful to the agreed purposes of the contract and inconsistent with the reasonable expectations of the parties.

142.    M&B acted in bad faith, dishonestly, and with the improper motive of generating fees for itself with minimal effort by increasing the volume of patent applications at the expense of quality and duration, depriving Cortica the benefits of the contract.

143.    M&B's breach of the covenant and duty of good faith and fair dealing has directly and proximately caused Cortica damage.

## COUNT IV – BREACH OF FIDUCIARY DUTIES

144.    Cortica hereby incorporates the foregoing paragraphs as if repeated in full.

145.    M&B performed patent work as an agent or subcontractor of eNitiatives for Cortica's patents.

146.    M&B owed fiduciary duties to Cortica by virtue of M&B's relationship with eNitiatives and M&B's undertaking to perform work on Cortica's patents.

147.    In addition, Cortica was induced by eNitiatives and by M&B to rely on M&B's patent services and M&B's representations regarding the quality of its work on Cortica's patents, and Cortica relied on M&B's services and representations.

148.    M&B knew that Cortica would rely on M&B's patent services, claimed expertise in patent practice, and representations about the quality of M&B's work, and the harm to Cortica occasioned by M&B's subpar performance was foreseeable.

149.    M&B breached its fiduciary duties to Cortica by, among others:

    a.    Failing to consult, inform, or communicate with Cortica regarding important decisions relating to Cortica's patents;

    b.    Sacrificing quality of Cortica's patent protection in the interests of M&B's own profits;

    c.    Failure to perform patent work for Cortica with diligence, instead preparing and filing shoddy applications with minimal effort or expense;

34

    d.      Failing to perform patent work with competence, including by maintaining and using the necessary knowledge, thoroughness, and preparation;

    e.      Failing to comply with Cortica's objectives in filing patent applications, including to obtain the most robust protection possible;

    f.      Charging and collecting unreasonable fees and expenses given the lack of quality and effort in M&B's performance, and by failing to communicate the basis for fees and expenses it charged Cortica.

150.    In breaching its fiduciary duties, M&B caused injury to Cortica by failing to obtain full and complete protection for Cortica's patents, by causing various patents of Cortica to have reduced quality or duration of protection, by causing Cortica to expend money and time to address deficiencies in M&B's work, and by charging unreasonable fees and expenses.

## **PRAYER FOR RELIEF**

Wherefore, Cortica respectfully requests:

    a.  Compensatory, consequential, and/or incidental damages;

    b.  Punitive damages;

    c.  Reasonable attorneys' fees and costs; and

    d.  Such other relief as the Court deems just and equitable.

Dated: May 28, 2021                Respectfully submitted,

                                /s/ Adam E. Gersh_____
                                Adam E. Gersh, Esquire
                                Commerce Center
                                1810 Chapel Avenue West
                                Cherry Hill, NJ 08002
                                (856) 382-2246
                                Adam.Gersh@flastergreenberg.com
                                *Attorneys for Defendants Cortica-US, Inc.*
                                *and Cortica, LTD.*

8306677 v3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 28, 2021, the following documents were filed electronically and are available for viewing and downloading from the Electronic Case Filing system by all counsel/parties of record:

1.      Defendant Cortica, LTD.'s answer, affirmative defenses, and counterclaim; and

2.      This Certificate of Service.

<div style="margin-left: 40%;">

**FLASTER/GREENBERG P.C.**
Attorneys for Defendants Cortica-US, Inc. and
Cortica, LTD

</div>

Dated: May 28, 2021                 By:      /s/ Adam E. Gersh
                                                      Adam E. Gersh, Esquire

**FLASTER/GREENBERG PC**
By:     Adam E. Gersh, Esquire
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 382-2246
Adam.Gersh@flastergreenberg.com
*Attorneys for Defendants Cortica-US, Inc. and Cortica, LTD*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| M&B IP ANALYSTS, LLC, | : | |
| | : | C.A. No. 2:19-cv-00429 |
| Plaintiff, | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CORTICA-US, INC., and CORTICA, LTD., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CORTICA, LTD.'S AMENDED ANSWER AND COUNTERCLAIM**

Defendant Cortica, LTD. ("Cortica" or "Answering Defendant"), by ~~way of answer to the Complaint of Plaintiff M&B IP Analysts, LLC "Plaintiff") states~~ and through undersigned counsel, for its Amended Answer and Counterclaim, avers as follows:

## RESPONSES TO ALLEGATIONS OF PLAINTIFF'S COMPLAINT

1. Denied. The allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

2. Denied. The allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

3.      Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

4.      Admitted in part and denied in part. Answering Defendant admits only that Cortica-US, Inc.'s state of incorporation is Delaware. The remaining allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

5.      Admitted in part and denied in part. Answering Defendant admits only that Cortica, LTD.'s business address is 103 Allenby Street, 4th Floor, Tel Aviv, Israel. The remaining allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

6.      Denied. The allegations of the corresponding paragraph constitute conclusions of law to which no response is required and, in any event, they are denied.

7.      Answering Defendant admits only that Cortica-US, Inc.is a subsidiary of Cortica, LTD. All other allegations are denied.

8.      Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

9.      Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

10.     Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

11.     Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

12.     Denied. In accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

13.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

14.     Admitted in part and denied in part. Answering Defendant admits only that it is a patent holder of its patents. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required.

15.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

16.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual

4

with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

17.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

18.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's

best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

19.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

20.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

21.    Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant

6

as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

22.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

23.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are

8306677 v3

denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

24.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

25.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information

8306677 v3

sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

## ANSWER TO FIRST CAUSE OF ACTION

26.     Answering Defendant hereby incorporates by reference the preceding paragraphs of this pleading as if set forth fully herein.

27.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

28.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering

Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

29.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

30.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a

8306677 v3

belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

31.     Denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

32.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Answering Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

## ANSWER TO SECOND CAUSE OF ACTION

33.     Answering Defendant hereby incorporates by reference the preceding paragraphs of this pleading as if set forth fully herein.

34.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

35.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

36.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

37.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have,

and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

38.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Answering Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

## ANSWER TO THIRD CAUSE OF ACTION

39.     Answering Defendant hereby incorporates by reference the preceding paragraphs of this pleading as if set forth fully herein.

40.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is

8306677 v3

required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

41.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

42.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are

8306677 v3

directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

43.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

44.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a

reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

45.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied. By way of further response, Answering Defendant does not have, and never had, any contractual relationship with the Plaintiff, and after a reasonable inquiry, to Answering Defendant's best knowledge, the Co-Defendant Cortica-US, Inc. also does not have, and never had, any contractual with the Plaintiff, and any services that the Plaintiff provided, were provided pursuant to Plaintiff's agreement with a party other than the named Defendants.

46.     Denied. Answering Defendant denies the allegations of the corresponding paragraph to the extent, if any, they are directed at Answering Defendant and, to the extent if any, they are directed a party other than Answering Defendant, no response from Answering Defendant is required. To the extent, if any, that a response is deemed necessary from Answering Defendant as to

allegations addressed to another party, in accordance with Fed. R. Civ. Pro. 8(b)(5), after a reasonable inquiry, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the corresponding paragraph and, therefore, they are denied.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Answering Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Answering Defendant bears any burden of proof about any of the following affirmative defenses, Answering Defendant avers:

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the absence of any contractual privity with Answering Defendant.

### Third Affirmative Defense

Plaintiff's claims are barred or limited because it has unclean hands.

### Fourth Affirmative Defense

Plaintiff brought this action in the improper venue and in a Court that lacks jurisdiction over Answering Defendant and/or all the parties.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or unclean hands.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations or other limitations upon actions.

### Seventh Affirmative Defense

Plaintiff has failed to mitigate its alleged damages.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Ninth Affirmative Defense

No act or omission on the part of Answering Defendant was the proximate cause or contributing cause of any damages Plaintiff allegedly suffered.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Answering Defendant never owed any duty to Plaintiff and never breached any duty allegedly owed to it.

### Eleventh Affirmative Defense

Answering Defendant at all times acted in good faith, for legitimate business reasons, and without intent to violate the law or cause harm to Plaintiff.

### Twelfth Affirmative Defense

Plaintiff's claims are barred because Plaintiff unreasonably failed to avail itself of the remedies available its contract with third parties that gives rises to its claims

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because Plaintiff failed to exhaust Plaintiff's available administrative remedies.

8306677 v3

**Fourteenth Affirmative Defense**

Plaintiff brought this action in the improper venue and in a Court that lacks jurisdiction over the subject matter.

**Fifteenth Affirmative Defense**

Any sums due to Plaintiff are offset in their entirety due to the damages Plaintiff's actions caused to Answering Defendant through its negligent services, overbilling, and performance of work that was not approved by Answering Defendant.

Answering Defendant intends to rely upon such other defenses as may be available or become apparent during discovery proceedings in this case and hereby specifically reserves the right to amend this Answer to plead said defenses.

WHEREFORE, Answering Defendant respectfully requests that the Court enter judgment in its favor, dismiss with prejudice Plaintiff's Complaint and all purported counts, and causes of action set forth therein, and award Defendant its costs and expenses, including attorney's fees, and any other relief that the Court may deem appropriate.

**COUNTERCLAIM**

**A.  Cortica and Its Core Technology**

47.     Cortica is an Israeli technology company operating in the cutting-edge field of artificial intelligence.

48.     Established as a startup in 2007, Cortica has developed platforms — most notably, for use in autonomous vehicles — with the capacity to "learn" their environment, extrapolate data to create new "concepts," and design and tailor operations accordingly.

49.     Cortica's core technology involves creating platforms with the capacity to analyze their environment by identifying and classifying surrounding objects, behaviors, and patterns, then using those classifications to broaden the platforms' own databases.

20

50.     For example, Cortica's technology would allow an autonomous car, equipped with a video of the surrounding area, to identify various objects in its environment, including pedestrians, buildings, other cars, traffic signals, and the like.

51.     The Cortica technology compares the video images to existing databases comprised of various samples of different types of objects (e.g., car models, traffic signals, pedestrians), called "concepts."

52.     Each preexisting category of images triggers a certain programmed behavior in the car (e.g., reaction to a red light, to a pedestrian, to a sidewalk), and when a new image is compared to the existing database, the car categorizes the new image and applies the appropriate programmed behavior to it.

53.     The original innovations underlying Cortica's technology were patented between 2006 and 2008.

54.     Cortica continued research and development over the years, and starting in 2012, certain core foundations of its technology underwent a fundamental change. These changes include materially new ways in which autonomous cars could both create signatures of their surroundings and learn new concepts.

55.     These new innovations were eligible for new patent applications.

**B.  The Agreement Between Cortica and eNitiatives, Ltd.**

56.     Cortica entered into an agreement in 2011 with eNitiatives, Ltd. ("eNitiatives"), an Israeli company that manages patents owned by other parties, to manage Cortica's patent portfolio internationally.

57.     That agreement continued (with some modifications) a prior agreement between the parties dating from 2008. The 2011 agreement was subsequently renewed with some additional modifications in 2016.

21

58.    eNitiatives, in turn, used Mr. Ben-Shimon and M&B, as well as M&B's predecessor company in which Mr. Ben-Shimon worked prior to establishing M&B, to handle Cortica's patents before the United States Patent and Trademark Office ("USPTO").

59.    M&B apparently assumed this role pursuant to a third-party arrangement between eNitiatives and M&B to which Cortica was not a party.

**C.  M&B's Negligent Performance**

60.    Material for this Counterclaim, the agreement with eNitiatives created an automatic fee triggered by certain "milestones" to be accomplished for any one patent application on Cortica's behalf.

61.    These payment milestones included submission of patent-related documents to a patent attorney or patent agent; the actual filing of a patent with the USPTO; and the allowance of a patent by the USPTO.

62.    This fee structure in fact incentivized quantity over quality: the more patent applications that could be submitted, the more Cortica would be charged, regardless of the quality of patent protection the application process would afford Cortica.

63.    M&B performed accordingly by purporting to process as many of Cortica's patents as it could with as much speed as possible — all the while failing to comply with basic standards of competence and skill.

64.    M&B's negligent performance took several forms, as explained below.

**1.    M&B Filed CIP Applications Instead of Applications for Full Patent Protection, and It Failed to Explain to Cortica the Implications of CIP Applications.**

65.    M&B filed the vast majority of Cortica's patents as Continuation in Part ("CIP") applications instead of as original parent patents, which ensured those patents would have far shorter periods of protection.

22

66.     To provide some background, CIP applications are a means of obtaining protection where the owner of an existing patent develops a subsequent improvement to the patent.

67.     Ordinarily, this improvement would be ineligible for patent protection because the original patent (called the "parent patent") would be deemed "prior art" and disqualify the improvement from independent patent protection.

68.     To circumvent this issue, the law permits an inventor to file a CIP application, which if granted extends the protection of the parent patent to the improvement.

69.     However, the protection afforded pursuant to a CIP application does not last the ordinary twenty-year duration to which original patents are entitled, but continues only for the remainder of the duration of the parent patent.

70.     Likewise, where a chain of CIP applications are filed for a series of subsequent improvements to a parent patent, each CIP application is limited to the duration of the original parent patent.

71.     Thus, CIP applications can provide protection for improvements to parent patents that do not constitute sufficiently innovative developments to qualify as parent patents themselves, and absent a CIP application would be denied protection altogether.

72.     CIP applications generally entail substantially less work on the part of patent agent.

73.     However, the protection available to a CIP application is limited by a rigid one-year deadline, after which the new improvement may be ineligible for protection to the extent the parent patent is deemed prior art.

74.     Thus, where an existing parent patent would not constitute prior art with respect to an innovative new technology, an original patent application for twenty years of patent protection period, and not a CIP application, is the correct procedure.

75.     If a CIP application is instead filed and granted for the new technology as a continuation of a parent patent, the new invention will lose years of protection according to the time already elapsed from the parent patent.

76.     Where in addition to filing a CIP application for new technology instead of an original patent application, the CIP application is filed after the one-year limit, the new technology will not only be deprived of the twenty-year duration of original patents, it will also lose the principal protection available to CIP applications — eligibility even if the parent patent is deemed prior art.

77.     The main motivation for filing a late CIP application in this circumstance is to create less work for the patent agent.

78.     Here, M&B undertook to perform services for Cortica's patent portfolio, which included many new technological innovations that would qualify for parent patent status themselves — including new technology both to create signatures of a car's environment and to identify and create new concepts.

79.     These material changes, many of which related to Cortica's core technology, would have been eligible for independent patents lasting twenty years, and could have served as parent patents to CIP applications for subsequent improvements.

80.     However, for about 70% of Cortica's United States patents, M&B instead filed CIP applications, seizing on the opportunity CIP applications provided to file a greater number of applications in a shorter period.

81.     This approach allowed M&B to process more patents and reach more milestones, with the dual results both of more payment and of less work for itself.

82.     The consequence of M&B's approach was to deprive Cortica of years and years of patent protection across its portfolio, while Cortica was never informed of these implications.

83.     In some cases, the protection afforded Cortica's patents, due to the filing of CIP applications instead of original patent applications, resulted in protection lasting no more than seven years for a new invention, resulting in a loss of thirteen years of protection.

**2.     M&B Generated a Large Volume of Applications by Cutting and Pasting Indiscriminately from Prior Applications.**

84.     Moreover, a review of CIP applications drafted and filed by M&B revealed that they were largely constructed of components from other CIP applications. M&B would simply copy and paste whole portions of prior CIP applications into new CIP applications, sometimes including wholly irrelevant information.

85.     This copy-and-paste method, in addition to the use of CIP applications instead of original patent applications, allowed M&B to draft a large volume of slipshod applications in a short time, sacrificing quality of protection for speed.

86.     Not only eNitiatives, but also M&B directly benefited from the copy-and-paste method and the use of CIP applications because this far less time-consuming approach facilitated the reaching of more "milestones" more quickly, while directly harming Cortica by failing to obtain twenty-year patents.

87.     However, while M&B simply copied and pasted from prior CIP applications to create new ones with minimal effort and only minor additions, it nonetheless charged Cortica the full fee as if for independent applications for original patents, or a similar rate.

**3.     M&B Made Key Decisions with Long-Lasting Effects on Cortica's Portfolio Without Bothering to Obtain Cortica's Approval.**

88.     M&B also negligently managed Cortica's patents by making critical decisions about Cortica's patent protection and strategy without bothering to consult with Cortica beforehand.

89.     For example, M&B responded to patent examiners' reservations and challenges, sometimes by significantly reducing claims, without informing Cortica.

90.     Likewise, M&B failed to wait for Cortica's approval of application drafts before submitting them to the USPTO.

91.     In some cases, M&B did not even send Cortica a draft to review, and in others applications were filed without Cortica's approval to file any application at all.

92.     M&B conducted no discussions or meetings with Cortica to present alternative methods of applying for patents — such as by filing original patent applications as opposed to CIP applications — or to determine the relative benefits of wording an application in one way or in another.

93.     For example, M&B, either independently or in conjunction with eNitiatives, announced the abandonment of a patent application (COR-088), which eNitiatives valued at between one and three million dollars, without consulting Cortica.

94.     M&B sent Cortica only invoices, sometimes without a copy of the application for which it was charging.

95.     M&B also continued to file dozens of applications without interviewing the inventors in accord with fundamental professional standards, as such interviews did not trigger automatic fees.

96.     M&B's negligent failure to interview the inventors resulted directly in poorly worded applications by M&B.

8306677 v3

97.     Cortica had no knowledge of these unilateral decisions by M&B, as it would simply receive a bill for services from M&B.

98.     Nor did M&B inform Cortica of cost-saving measures in managing its patents, such as by filing consolidated new applications for several similar patents at a time, or consolidating existing applications, to costs of tens or hundreds of thousands of dollars.

**4.     M&B Failed to Convert Provisional Applications to Non-Provisional Applications.**

99.     In addition, M&B acted without Cortica's approval in converting provisional applications to non-provisional applications.

100.     A provisional application is a bare-bones application that serves as a "place holder," allowing an applicant to upgrade and improve its invention and to craft a more compelling final application. So long as the final application is filed within one year, it is predated to the time of the filing of the provisional application.

101.     However, after provisional applications were filed for various inventions, M&B opted not to expend the time and effort of inquiring into any subsequent improvements to the invention, or of drafting complete, non-provisional applications within the year of the provisional applications.

102.     Instead, M&B simply had the provisional applications converted to final applications — all without Cortica's prior knowledge and consent.

103.     For example, a provisional application that was filed in February 2017 was neglected until it expired after one year (while Cortica's agreement with eNitiatives was still ongoing) without M&B filing a non-provisional application or converting it to a non-provisional application.

27

104.     Although eNitiatives expressly agreed to convert this provisional application to a non-provisional application as part of a budget proposal in July 2017, and although M&B was purportedly working on Cortica's patents pursuant to Cortica's agreement with eNitiatives, M&B failed to effect the conversion, costing Cortica the priority date of the provisional application.

**5.     M&B Failed to Conform Its Drafting of Applications to Developments in Patent Law, with Significant Adverse Effects on Cortica's Patent Protection.**

105.     In addition, M&B failed to modify its practice in drafting applications to comply with developments in United States patent law, such as a stricter standard for granting patents to software innovations on the grounds that those inventions were "abstract ideas" and thus ineligible for patent protection under section 101 of the Patent Act, 35 U.S. Code § 101.

106.     Despite this overhaul of United States software patent law and practice, M&B not only failed to inform Cortica that any change had occurred, but also failed to change any aspect in the manner it` drafted applications.

107.     While software patent applications decreased in number nationwide following these shifts in the law, M&B's applications for Cortica software innovations increased substantially during that time.

108.     Due to the failure to conform its applications to the new legal standard, many Cortica applications filed by M&B were rejected based on section 101 of the Patent Act, requiring Cortica to spend money to address the USPTO's reservations.

**6.     M&B Consistently Filed Poorly Drafted and Ineffective Applications with Evident Errors and Insufficient Clarity.**

109.     M&B's applications also suffered from pervasive sloppiness, poor wording, and unprofessional presentation.

110.    For example, due to its "copy-and-paste" practice, M&B filed a patent application with reference to image recognition technology, while the illustrative figures attached referred to sound recognition technology.

111.    Likewise, M&B filed applications that lacked all but vague, superficial descriptions, failing to detail how the technology works or its exact makeup.

112.    Many applications simply included a list of how some components of the technology "should be" designed, instead of explaining how the components were actually designed and implemented, or through vague "incorporations by reference" to other patent applications — some of which in turn only vaguely referenced other applications or patents — resulting in substantial confusion.

113.    Applications were drafted with incorrect terms, insufficient detail, imprecise and indefinite wording, and without the required language addressing the new heightened standard applicable to software patents (which must explain precisely how the invention improves the software operation).

114.    Applications for new innovations in Cortica's core technology in 2012 and onward were often lifted from earlier applications filed between 2006 and 2008, and thus failed to reflect the fundamental changes in the technology.

**D.  M&B's Inflated Billing Practices:**

115.    Despite the sub-standard performance of M&B, it nonetheless billed Cortica what would have been an exorbitant amount even for competent work.

116.    After receiving outsized bills from M&B and eNitiatives, Cortica had eNitiatives agree to a reduced budget on May 4, 2017, with a cap of $221,000 for the remainder of 2017.

8306677 v3

117.    However, although M&B worked as an agent of eNitiatives, it billed Cortica approximately $77,000 for May 2017 alone — more than a quarter of the agreed-on budget for the rest of the year.

118.    Moreover, a significant portion of M&B's bills were for work already performed and billed by eNitiatives.

119.    For example, eNitiatives would draft a patent application and send it to M&B, which would file the draft, and sometimes would make comments such as regarding technical phrasing.

120.    Cortica would be charged a total of approximately $13,000, including $5,000 to eNitiatives for drafting and filing, another $3,000 to eNitiatives if the patent is accepted for registration, and $5,000 to M&B for its role.

121.    While M&B's fee may have made sense if it was drafting applications from scratch or making significant changes to prior drafts based on its expertise and familiarity with United States patent law, M&B in fact did no such thing, but instead gave a cursory review to work already completed by eNitiatives.

122.    As a result, Cortica ultimately paid what amounted to nearly double billing by M&B for virtually the same work performed by eNitiatives.

123.    Cortica did not discover this billing practice until the number of applications filed sharply increased, to Cortica's surprise, and after an examination by an outside provider of M&B's modus operandi.

124.    In the pending suit filed by eNitiatives in the District Court of Tel Aviv, Cortica's counterclaim against M&B -- based on facts asserted in this Counterclaim — was dismissed on February 4, 2021 for *forum non conveniens*, among other reasons. Cortica has appealed that

dismissal to the Israel Supreme Court, which appeal remains pending. Cortica asserts this Counterclaim to avoid the loss of its right to relief in the event its appeal in Israel is unsuccessful.

### COUNT I – PROFESSIONAL NEGLIGENCE

125.    Cortica hereby incorporates the foregoing paragraphs as if repeated in full.

126.    M&B performed patent work as an agent or subcontractor of eNitiatives for Cortica's patents.

127.    In undertaking to perform patent work for Cortica's patents, M&B implicitly represented that it had and would use the knowledge, skill, and judgment ordinarily possessed and used by the average patent agent in good standing in similar communities as of time M&B performed its work.

128.    M&B owed a duty of care to Cortica by virtue of M&B's relationship with eNitiatives and M&B's undertaking to perform work on Cortica's patents.

129.    In addition, Cortica was induced by eNitiatives and by M&B to rely on M&B's patent services and M&B's representations regarding the quality of its work on Cortica's patents, and Cortica relied on M&B's services and representations.

130.    M&B knew that Cortica would rely on M&B's patent services, claimed expertise in patent practice, and representations about the quality of M&B's work, and the harm to Cortica occasioned by M&B's subpar performance was foreseeable.

131.    M&B failed to conform its performance to the standard of competence, skill, and professionalism ordinarily possessed and exercised by the average patent agent in similar communities.

132.    M&B negligently performed sub-standard work and breached its duty of care with regard to Cortica's patents, including by the following practices:

a.      filing CIP applications for new innovations instead of original patent applications, without notifying or explaining to Cortica the implications of using CIP applications;

b.      cutting and pasting indiscriminately and negligently from prior applications to new applications;

c.      making important unilateral decisions about Cortica's patents without consulting or obtaining approval from Cortica;

d.      failing to conform its applications to new legal requirements;

e.      filing slipshod, amateurish, and ineffectual applications rife with errors and irrelevant information or illustrations, vague phrasing and confusing cross-references, and insufficient explanatory detail.

133.    M&B's negligent performance directly and proximately caused injury to Cortica by failing to obtain full and complete protection for Cortica's patents, by causing various patents of Cortica to have reduced quality or duration of protection, and by causing Cortica to expend money and time to address deficiencies in M&B's work.

134.    But for the subpar work performed by M&B, Cortica's patents would have secured more robust patent protection.

135.    M&B failed to exercise judgment in its decisions and actions respecting Cortica's patents in conformance with the judgment of an average patent agent in similar circumstances.

## COUNT II – BREACH OF CONTRACT

136.    Cortica hereby incorporates the foregoing paragraphs as if repeated in full.

137.    In the alternative, assuming without admitting that a valid contract existed between Cortica and M&B for performance of patent work on Cortica's behalf, M&B breached its contractual duties by, among others:

32

a.      performing negligently;

b.      failing to conform to the standard of care, competence, skill, and judgment exercised by the average patent agent in similar circumstances;

c.      concealing the extent of its negligent performance;

d.      charging for work already performed;

e.      misrepresenting the basis for its demands of payment; and

f.      charging exorbitantly unreasonable fees.

138.    M&B's breaches of contract have directly and proximately caused Cortica damage.

**COUNT III – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

139.    Cortica hereby incorporates the foregoing paragraphs as if repeated in full.

140.    In the alternative, assuming without admitting that a valid contract existed between Cortica and M&B for performance of patent work on Cortica's behalf, M&B breached the implied covenant and duty of good faith and fair dealing by, among others:

a.      performing negligently;

b.      failing to conform to the standard of care, competence, skill, and judgment exercised by the average patent agent in similar circumstances;

c.      concealing the extent of its negligent performance;

d.      charging for work already performed;

e.      misrepresenting the basis for its demands of payment; and

f.      charging exorbitantly unreasonable fees.

141.    M&B acted in a manner unfaithful to the agreed purposes of the contract and inconsistent with the reasonable expectations of the parties.

142.    M&B acted in bad faith, dishonestly, and with the improper motive of generating fees for itself with minimal effort by increasing the volume of patent applications at the expense of quality and duration, depriving Cortica the benefits of the contract.

143.    M&B's breach of the covenant and duty of good faith and fair dealing has directly and proximately caused Cortica damage.

## COUNT IV – BREACH OF FIDUCIARY DUTIES

144.    Cortica hereby incorporates the foregoing paragraphs as if repeated in full.

145.    M&B performed patent work as an agent or subcontractor of eNitiatives for Cortica's patents.

146.    M&B owed fiduciary duties to Cortica by virtue of M&B's relationship with eNitiatives and M&B's undertaking to perform work on Cortica's patents.

147.    In addition, Cortica was induced by eNitiatives and by M&B to rely on M&B's patent services and M&B's representations regarding the quality of its work on Cortica's patents, and Cortica relied on M&B's services and representations.

148.    M&B knew that Cortica would rely on M&B's patent services, claimed expertise in patent practice, and representations about the quality of M&B's work, and the harm to Cortica occasioned by M&B's subpar performance was foreseeable.

149.    M&B breached its fiduciary duties to Cortica by, among others:

a.    Failing to consult, inform, or communicate with Cortica regarding important decisions relating to Cortica's patents;

b.    Sacrificing quality of Cortica's patent protection in the interests of M&B's own profits;

c.    Failure to perform patent work for Cortica with diligence, instead preparing and filing shoddy applications with minimal effort or expense;

34

d.       Failing to perform patent work with competence, including by maintaining and using the necessary knowledge, thoroughness, and preparation;

e.       Failing to comply with Cortica's objectives in filing patent applications, including to obtain the most robust protection possible;

f.       Charging and collecting unreasonable fees and expenses given the lack of quality and effort in M&B's performance, and by failing to communicate the basis for fees and expenses it charged Cortica.

150.     In breaching its fiduciary duties, M&B caused injury to Cortica by failing to obtain full and complete protection for Cortica's patents, by causing various patents of Cortica to have reduced quality or duration of protection, by causing Cortica to expend money and time to address deficiencies in M&B's work, and by charging unreasonable fees and expenses.

## PRAYER FOR RELIEF

Wherefore, Cortica respectfully requests:

a.   Compensatory, consequential, and/or incidental damages;

b.   Punitive damages;

c.   Reasonable attorneys' fees and costs; and

d.   Such other relief as the Court deems just and equitable.


Dated: May 28, 2021                   Respectfully submitted,

/s/ Adam E. Gersh
Adam E. Gersh, Esquire
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 382-2246
Adam.Gersh@flastergreenberg.com
*Attorneys for Defendants Cortica-US, Inc. and Cortica, LTD.*

## CERTIFICATE OF SERVICE

I certify that on May 28, 2021, the following documents were filed electronically and are available for viewing and downloading from the Electronic Case Filing system by all counsel/parties of record:

1.      Defendant Cortica, LTD.'s answer, affirmative defenses, and counterclaim; and

2.      This Certificate of Service.

                        **FLASTER/GREENBERG P.C.**
                        Attorneys for Defendants Cortica-US, Inc. and
                        Cortica, LTD

Dated: May 28, 2021                  By:     /s/ Adam E. Gersh
                                  Adam E. Gersh, Esquire

36